CORNELIUS H. BUEL et ux., Appellants, v. UNITED RAILWAYS COMPANY.

Division One, February 28, 1913.

1. **DAMAGE ACT: Purpose.** The Damage Act (Sec. 5425, R. S. 1909), was intended originally to alter the common law rule that an action for personal injuries abated upon the death of the injured person, and to provide for the survival of such an action. It did not create a cause of action; it only provided for the survival of one which existed at common law and abated at the death of the injured party.

2. ———: ———: **Unborn Child.** At common law a child injured while *en ventre sa mere* but subsequently born alive did not have the right to maintain an action for the injuries so received. And as the child itself could not maintain such an action had it lived, the action is not by the statute made to survive to its parents upon its death.

3. ———: ———: ———: **This Case.** A pregnant mother on September 22 was a passenger on defendant's street car, which was stopped at her signal to enable her to alight, and while she was doing so the car was negligently started, dragging and throwing her to the ground, and inflicting injuries on the arm and body of her unborn child, causing its death on July 5, six months and a few days after its birth. *Held*, that the child after its birth and before death did not at common law have a right to maintain a suit for the injuries inflicted prior to its birth, and as the purpose of the Damage Act was to provide for the survival of an action maintainable at common law that abated on plaintiff's death, the child's parents cannot maintain an action for its death.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

AFFIRMED.

*P. H. Sheridan, Henry B. Davis* and *A. R. Taylor* for appellants.

(1) The court erred in holding that an unborn child while alive in the womb of the mother, sustaining injury by the negligence of the employees of the railroad on which the mother was a passenger, which child was afterwards born and lived after its birth and then died from the injuries so received, was not a "person" within the words and intent of the above cited statute. (2) By the words and intent of the statute, the penalty applies, not to the date or time of the injury, but to the time of the death. If the party injured is, at the time of his death, a person within the terms of the statute, then the penalty for "such . . . so dying" applies. This deceased child at the date of his death was in law a person, and the court

erred in holding otherwise. (3) The statute in ques-
tion is a remote evolution from Lord Campbell's Act
which, in different forms, has been adopted in many, if
not all, the States of this Union, and by Congress, in
the Employers' Liability Act of 1908, under the power
contained in the Constitution of the United States, au-
thorizing Congress to regulate commerce between the
States. The difference, in substance, between the Mis-
souri statute in question and Lord Campbell's Act, is
that the Missouri statute carries a penalty; and as last
construed by the Supreme Court, is both penal and
compensatory. (4) The decision of the trial court in
sustaining the demurrer to the petition was founded
on an opinion of the Queen's Bench, Exchequer Divi-
sion, 28 Irish L. R. 69, in Walker v. Railroad, and the
trial court in holding that the reasoning of that case
applied to or controlled the construction of the statute
of Missouri. This case, under the statute, is to be
determined alone by the statute, and its language and
intent. If this child's death resulted from or was oc-
casioned by the negligence, etc., of the employees of
the defendant then, in that case, the law of the statute
declares that the defendant must forfeit and pay the
penalty provided by the statute. (6) The statute is
constitutional as declared by this court and is enforce-
able according to its terms. Young v. Railroad, 227
Mo. 320; Murphy v. Railroad, 228 Mo. 87. (7)
Whether the statute is wholly penal as declared in
the Young case, supra, or whether the intent of the
statute is both penal and remedial as intimated, but
not decided in the Murphy case, supra, and as pointed-
ly decided in Boyd v. Railroad, 236 Mo. 54, its ap-
plication to the facts alleged in the petition in this
case remains the same. (8) In this case the defend-
ant by its employees in charge of its car in question
received the mother of Dennis Buel as a passenger on
the car in the condition of pregnancy. It is the common
knowledge of men that women in a state of pregnancy,

become and are received as passengers on vehicles of a carrier of passengers. Whenever a mother, as Mary Buel was, for she had her children with her, presents herself as a passenger for carriage on a carrier's vehicle, the carrier knows that she may be bearing a child in her womb and in assenting to the reception of the mother in this condition assents to the presence of the child on the carrier's vehicle of carriage. West v. Railroad, 187 Mo. 363. (9) The child being received on the car thus with the assent of the carrier, when he sustained injuries resulting in his death after birth, caused by the negligence of the carrier's employees "whilst running, conducting or managing a street car," he was injured and died precisely within the language of the statute; and the trial court erred in holding otherwise.

*G. T. Priest* for respondent.

The demurrer to said petition was properly sustained by the trial court, for the reason that it appears that whatever injuries deceased may have sustained were received while *en ventre sa mere.* Allaire v. Hospital, 56 N. E. 638; Dietrich v. Northampton, 138 Mass. 14; Walker v. Railroad, 28 Irish L. R. 69. The word "person" in the Damage Act was not intended to include and does not include an infant *en ventre sa mere.*

STATEMENT BY THE COURT.

Plaintiffs are the mother and father of a child who was born on the 25th day of December, 1907, and died on the 5th day of July, 1908. On the 22nd day of September, 1907, while the mother was *enceinte* of said child, she and her husband and another child were passengers on defendant's street railway, which was stopped at their signal to enable them to alight, and while they were so doing and the mother was assisting

Injury to Unborn Child.

248 Mo—9

the child who was riding with them to leave the car, it was negligently put in motion, thereby dragging and throwing her to the ground and inflicting injuries on the 'arm and body of her unborn child that caused his death, as before stated.

The petition prayed for judgment for $10,000. The defendant filed a demurrer to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. This demurrer was sustained February term, 1909, of the circuit court of St. Louis. Plaintiffs declining to plead further, final judgment was rendered against them, from which they duly appealed to this court.

## OPINION.

BOND, J. (After stating the facts as above).— The statute under which the petition herein

Statute.    was framed so far as applicatory to its allegations is, to-wit:

"Whenever any person . . . shall die from any injury resulting or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any . . . street, electric . . . car, . . . the corporation, . . . in whose employ such agent, servant, employee, . . . shall be at the time such injury is committed, or who owns, operates or conducts any such . . . street car . . . at the time any injury is received resulting from or occasioned by any . . . unskillfulness, or negligence . . . above declared, shall forfeit and pay as a penalty, for every such person . . . so dying, the sum of not less than two thousand dollars and not exceeding ten thousand dollars, in the discretion of the jury, which may be sued for and recovered . . . or, third, if such deceased be a minor and unmarried . . . then by the father and mother, who may join in the suit, and each shall have an equal interest in the

judgment." [R. S. 1909, sec. 5425.] The only point for review is whether the statute was intended to provide a penalty for the death of a person after birth, caused by negligent injuries before its birth. The statute in question, with some modifications and expansions of its scope and remedies, has existed in this State for more than fifty years. It was intended originally to alter the common law rule that an action for a personal injury abated upon the

Purpose of Statute.

death of the injured person, and to provide for the survival of such actions. We have not been able to find any precedent at common law establishing the right of a child injured while *en ventre sa mere* but subsequently born alive, to bring an action thereafter for the injuries so received. This

Injuries to Unborn Child: Right of Child to Sue.

being the purpose of the Legislature, the declaratory act must be interpreted in that light and to effectuate that object. When this statute was passed no case had arisen wherein the right to maintain such an action had been affirmed. Nor, as far as we are informed, had any such suit been brought, although there must have been many occasions in the progress of society when a basis existed for such a suit if it had been thought to be maintainable. Since the statute a few cases have arisen. In a case before the Massachusetts Supreme Court, opinion by Mr. Justice HOLMES, now of the Supreme Court of the United States, it was held that a child injured before its birth in consequence of an injury sustained by its mother, did not acquire after its birth any right of action for such injury, and, hence, its administrator could not sue for its death so occasioned. [Dietrich, Admr., v. Inhabitants of Northampton, 138 Mass. 14.] The right to maintain such an action was also denied by the Supreme and appellate courts of Illinois. [Allaire v. Hospital, 184 Ill. 359; Allaire v. Hospital, 76 Ill. App. 441.] These and other authorities were quoted

without disapproval by LAMM, J., in Kirk v. Middle-
brook, 201 Mo. l. c. 285, 286. The right to maintain an
action for injuries before its birth which caused a child
after its birth to be permanently crippled, was denied
by the Queen's Bench Division in Ireland. [Walker v.
Great Northern Ry., 28 Law Reports (Ireland), 69.]
The decision in that case was concurred in by three
judges. It was taken to the appellate court, but before
the judgment of that court was pronounced, the child
died. This is shown by the text of a recent work on Neg-
ligence in Law, Beven's (3 Ed.), p. 76. In all the cases
the right of a mother to maintain an action for
negligent injury to herself and her unborn child is
conceded. The only question is whether a dual right
exists in cases where the child was injured in its
mother's womb and is subsequently born alive, and
seeks to recover for the effects after birth, of the injur-
ies so received. In the above citations this right was
denied. [Nugent v. Brooklyn Heights R. R.
Co., 139 N. Y. Supp. 367.] Those decisions
were rendered after consideration of the ar-
gument that unborn children are regarded at
common law as being *in esse* for the purpose of taking
property by descent or by devise and for the purpose
of guardianship and in other respects; but these facul-
ties of unborn children are said in those decisions to
rest upon a legal fiction invented to enable the child
to take a benefit which, if born, he would be entitled to,
and not to afford any sufficient ground for an action
by a living child for injuries suffered before its birth.

Right of
Parents
to Sue.

It is not necessary to rule upon the rationale of
these decisions. It is enough to say that they demon-
strate that by the act in question (R. S. 1909, sec. 5425)
the Legislature could not have intended (in view of the
law existing or declared at that time) when it used
the terms "persons so dying" to include a person who
died after birth from injuries received by its mother
prior to its birth. Such a design on the part of the

legislature would have been out of keeping with the paramount object of the act to create a survival of actions which would have lapsed at common law upon the death of the injured person. For in the case of a child so injured no right of action accrued to such child after its birth by the common law as it had been then adjudged; and, hence, there was no prior right to sue, which the statute could take hold of and cause to survive the death of the person injured. If it had been the purpose of the statute to *create* a cause of action which did not theretofore exist, certainly that intention would have been expressed in the terms of the act. This was not done at the time of its enactment or in any of its subsequent amendments. It follows that the trial court did not err in sustaining the demurrer in this case; and.it is affirmed.

*Woodson, P. J., Lamm* and *Graves, JJ.,* concur.