LIPPS, by guardian *ad litem,* Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 24—November 14, 1916.*

*Infants: Injuries before birth: Cause of action.*

1. No cause of action accrues to an infant for injuries received while *en ventre sa mere* and before it could be born viable.
[2. Whether a cause of action for injuries received before birth accrues to an infant capable at the time of injury of being born viable, is not determined.]

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action, by guardian *ad litem,* to recover damages for personal injuries sustained on defendant's car by plaintiff on September 5, 1912, while a foetus *en ventre sa mere* of the age of about five months and before she could have been born viable. Plaintiff's father and mother settled with the defendant for the damage sustained by them. In due course of time plaintiff was born, and it is alleged that she suffers from epileptic fits as a direct result of the prenatal injuries received. Defendant demurred to the complaint on the

ground that it failed to state facts sufficient to constitute a cause of action, and because it appeared on the face thereof that plaintiff had not the legal capacity to sue. The court sustained the demurrer and entered judgment dismissing the action, from which judgment the plaintiff appealed.

*Oscar Kroesing,* for the appellant.

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Carl Muskat.*

VINJE, J. But few cases of this kind are found in the reports though there must have been many occasions for bringing them had it been generally considered by the legal profession that a cause of action accrues to a child for injuries received before birth. This paucity of cases, however, does not determine the right to maintain such an action, but it does indicate, no doubt, the general view relative thereto held by the legal profession. Our attention was called by counsel on both sides to but six cases involving the question under consideration. Independent search has failed to find others directly in point. The first case was that of *Dietrich v. Northampton,* 138 Mass. 14 (decided in 1884), where as the result of a fall on a defective highway a woman between four and five months advanced in pregnancy was delivered of a child that lived only a few minutes after its birth. It was held that such a child was not a *person* for the loss of whose life an action may be maintained within the meaning of Pub. Stats. ch. 52, § 17, which gives a right of action for negligently causing the death of a person. The court, through HOLMES, J., says:

"Taking all the foregoing considerations into account, and further, that, as the unborn child was a part of the mother at the time of the injury, any damage to it which was not too remote to be recovered for at all was recoverable by her, we think it clear that the statute sued upon does not embrace the plaintiff's intestate within its meaning."

The next case, that of *Walker v. G. N. R. Co.* 28 L. R. (Ir.) 69 (decided in 1890), was one where a woman quick with child was injured while a passenger on defendant's train in such a manner as to permanently wound and cripple plaintiff, then *en ventre*. The opinions of the judges do not all agree as to whether or not an action for injuries to an unborn child may not under any circumstances be maintained, but they do all agree that since defendant's contract relations were with the mother alone and not with the plaintiff, the latter has no cause of action. The case of *Allaire v. St. Luke's Hospital,* 184 Ill. 359, 56 N. E. 638 (decided in 1900), presents the question in its broadest form. There plaintiff's mother, about ten days before she expected to be confined, went to the defendant for the express purpose of treatment and care during her accouchment. While in the hospital for such purpose she was negligently injured in an elevator therein in such a way that plaintiff, who was born four days later, was also severely injured. After reviewing *Dietrich v. Northampton,* 138 Mass. 14, and *Walker v. G. N. R. Co.* 28 L. R. (Ir.) 69, and in summing up the case, the opinion of the appellate court, adopted by the supreme court as its opinion, proceeds:

"That a child before its birth is, in fact, a part of the mother and is only severed from her at birth, cannot, we think, be successfully disputed. The doctrine of the civil law and the ecclesiastical and admiralty courts, therefore, that an unborn child may be regarded as *in esse* for some purposes, when for its benefit, is a mere legal fiction, which, so far as we have been able to discover, has not been indulged in by the courts of common law to the extent of allowing an action by an infant for injuries occasioned before its birth. If the action can be maintained, it necessarily follows that an infant may maintain an action against its own mother for injuries occasioned by the negligence of the mother while pregnant with it. We are of the opinion that the action will not lie."

Boggs, J., in an able dissenting opinion argued that a cause of action should accrue to every child capable at the

time of injury of being born viable for injuries received *en ventre,* where the defendant knew or ought to have known of its existence at the time of the injury, upon the broad ground that an infant capable of being born viable is in fact an independent person or being which the law of torts should recognize as such. In *Gorman v. Budlong,* 23 R. I. 169, 49 Atl. 704 (decided in 1901), a woman gave premature birth to a child by reason of injuries received through the negligence of the defendant, which child lived only a couple of days after birth. The court held that, since no cause of action accrued to the child, none could be maintained by the next of kin. In *Nugent v. Brooklyn Heights R. Co.* 154 App. Div. 667, 139 N. Y. Supp. 367 (decided in 1913), the plaintiff sued for injuries received thirty-six days before his birth, while his mother was a passenger on defendant's car. The argument of Thomas, J., writing the opinion of the court, is to the effect that an infant may in some cases have a cause of action for injuries received before birth; but the court held that since there was no contract relation between the unborn infant and the defendant no recovery could be had. The case of *Buel v. United Railways Co.* 248 Mo. 126, 154 S. W. 71 (decided in 1913), holds that since no cause of action accrued to a child who died about six months after birth from injuries received before birth while its mother was a passenger on defendant's street car, none survived to next of kin. The case does not turn on a lack of contract relation between the unborn child and the defendant, but is based upon the ground that, since by common law no cause of action accrued to an infant for injuries received before birth, none was given by the survival statute.

Quotations have been made from some of the foregoing cases not necessarily for approval but to show the trend of judicial thought concerning the question. It will be noticed that in all cases, though courts have differed as to the grounds of denial, the right to maintain the action has been negatived. All, however, so far as expression is found therein, agree

that no cause of action accrues to an infant for injuries received before it could be born viable. Such is the present case. The complaint alleges the child could not have been born viable. Since a non-viable child cannot exist separate from its mother, it must in the law of torts be regarded as a part of its mother, and hence, being incapable of a separate existence, it is not an independent person or being to whom separate rights can accrue. Its rights are merged in those of the mother of whom it forms a part.

We go no further than the facts of the case require, and hold that no cause of action accrues to an infant *en ventre sa mere* for injuries received before it could be born viable.

Very cogent reasons may be urged for a contrary rule where the infant is viable, and especially so in cases where the defendant, being a doctor or midwife, has negligently injured an unborn child. As to such cases we express no opinion.

The fact that the criminal law protects non-viable infants does not affect the question of their civil rights. The criminal law rests upon grounds of public policy and affects the public; the law of torts relates solely to the rights of private parties. So, too, the fact that for purposes of inheritance, taking under a will, etc., the existence of unborn children is recognized in law has no particular bearing upon the question of their right to recover for injuries sustained before birth. Neither does the medical or scientific recognition of the separate entity of an unborn child aid in determining its legal rights. The law cannot always be scientific or technically correct. It must often content itself with being merely practical.

*By the Court.*—Judgment affirmed.