(108 So. 566)
## STANFORD v. ST. LOUIS–SAN FRANCISCO RY. CO., et al.   (6 Div. 657.)

(Supreme Court of Alabama.   May 20, 1926.)

**I. Infants ⚫➔2—Legal personality is imputed to unborn child for all purposes beneficial to infant after birth.**

Legal personality is imputed to unborn child as rule of property for all purposes beneficial to infant after birth, but not for purposes working to its detriment.

**2. Infants ⚫➔72(2).**

Prenatal injury affords no basis for action in damages, in favor either of child or its personal representative.

**3. Parent and child ⚫➔7(1).**

Mother of whom unborn child is part at time of injury may recover for damage to it if not too remote.

**4. Death ⚫➔13—Representatives of child, dying from negligent injuries sustained before birth, held to have no cause of action for damages.**

Where pregnant mother was injured by defendant's alleged negligence while alighting from one of its trains resulting in premature birth of child, who several days later died as result of injuries sustained while in mother's womb, held, that representatives of child have no cause of action for damages against railroad.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action for damages by Mary Eliza Stanford, as administratrix of the estate of Albert Cecil Stanford, deceased, against the St. Louis-San Francisco Railway Company and J. C. South. Plaintiff takes a nonsuit and appeals from adverse ruling on pleading. Affirmed.

Gray & Powell, of Jasper, for appellant.

For an injury amounting to a felony a civil action may be maintained by the injured party. Code 1923, § 5691. Where a child dies by reason of injury inflicted upon the mother

before its birth, the offense is murder. Clarke v. State, 117 Ala. 1, 23 So. 671, 67 Am. St. Rep. 157. The personal representative of an infant, dying as the result of prenatal injuries wrongfully received, may maintain an action for damages for such wrongful death. Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N. E. 638, 48 L. R. A. 225, 75 Am. St. Rep. 176 (dissenting opinion).

Bankhead & Bankhead, of Jasper, for appellees.

The personal representative of an infant, dying as the result of prenatal injuries wrongfully received, cannot maintain an action for damages for such wrongful death. Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N. E. 638, 48 L. R. A. 225, 75 Am. St. Rep. 176; Dietrich v. Northampton, 138 Mass. 14, 52 Am. Rep. 242; Buel v. United R. Co., 248 Mo. 126, 154 S. W. 71, 45 L. R. A. (N. S.) 625, Ann. Cas. 1914C, 613; Drobner v. Peters, 232 N. Y. 220, 133 N. E. 567, 20 A. L. R. 1503; Nugent v. Brooklyn Heights R. Co., 209 N. Y. 515, 102 N. E. 1107; Lipps v. Milwaukee, etc., R. & L. Co., 164 Wis. 272, 159 N. W. 916, L. R. A. 1917B, 334.

ANDERSON, C. J. This suit is by the legal representative of a minor child, and seeks to recover damages for the death of said minor caused by injuries sustained by the mother of said child while alighting from one of the defendants' trains through the negligence of an agent or servant of the defendant; if being charged that the mother was quick with child, the intestate, that the birth of the said child was premature, though it lived several days after its premature birth, and died as a result of injuries sustained while in its mother's womb.

[1-3] By a legal fiction or indulgence, a legal personality is imputed to an unborn child as a rule of property for all purposes beneficial to the infant after birth, but not for purposes working to its detriment. By the criminal law, such being the solicitation of the state to protect life before birth, it is a great crime to kill the child after it is able to stir in the mother's womb, by an injury inflicted upon the person of the mother, and it may be murder if the child is born alive and dies of prenatal injuries. Clarke v. State, 117 Ala. 1, 23 So. 671, 67 Am. St. Rep. 157. The authorities, however, are unanimous in holding that a prenatal injury affords no basis for an action in damages, in favor either of the child or its personal representative. Joseph Drobner v. Peters, 232 N. Y. 220, 133 N. E. 567, 20 A. L. R. 1503 and note; Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N. E. 638, 48 L. R. A. 225, 75 Am. St. Rep. 176; Dietrich v. Northampton, 138 Mass. 14, 52 Am. Rep. 242; Buel v. United Railway Co., 248 Mo. 126, 154 S. W. 71, 45 L. R. A. (N. S.) 625, Ann. Cas. 1914C, 613; Gorman v. Budlong, 23 R. I. 169, 49 A. 704, 55 L. R. A. 118, 91

Am. St. Rep. 629; Lipps v. Milwaukee Electric Co., 164 Wis. 272, 159 N. W. 916, L. R. A. 1917B, 334. It may be that in a few instances hard cases may arise wherein a child may be burdened through life with an affliction produced before its birth, while, on the other hand, many cases might arise, should the rule be different, where the recovery would be based upon the merest conjecture or speculation as to whether or not the prenatal injury was the cause of the death or condition of the child. Moreover, the mother, of whom the unborn child was a part at the time of the injury, may recover for any damage to it which was not too remote to be recovered at all. Dietrich v. Northampton, 138 Mass. 14, 52 Am. Rep. 242.

We are also impressed with the reasoning of the Illinois court in the case of Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N. E. 638, 48 L. R. A. 225, 75 Am. St. Rep. 176, notwithstanding the dissent of Justice Boggs, wherein it was said:

"That a child before birth is, in fact, a part of the mother and is only severed from her at birth, cannot, we think, be successfully disputed. The doctrine of the civil law and the ecclesiastical and admiralty courts, therefore, that an unborn child may be regarded as in esse for some purposes, when for its benefit, is a mere legal fiction, which, so far as we have been able to discover, has not been indulged in by the courts of common law to the extent of allowing an action by an infant for injuries occasioned before its birth. If the action can be maintained, it necessarily follows that an infant may maintain an action against its own mother for injuries occasioned by the negligence of the mother while pregnant with it. We are of opinion that the action will not lie."

[4] The trial court properly sustained the demurrer to the complaint, and the judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS and BOULDIN, JJ., concur.