**SNOW v. ALLEN.**

6 Div. 284.

Supreme Court of Alabama.

Nov. 16, 1933.

Rehearing Denied Dec. 21, 1933.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, for appellant.

Harsh, Harsh & Hare and J. T. Roach, all of Birmingham, for appellee.

618

KNIGHT, Justice.

This action was instituted by Mrs. Maude Allen against the appellant, Dr. John W. Snow, for malpractice.

The trial resulted in a verdict and judgment against the defendant. From this judgment, the defendant, Snow, has prosecuted the present appeal to this court. Pending the appeal here, and before the submission, the death of appellee was suggested, and by proper order the cause has been revived in the name of her personal representative, and it will appear in the report sub nom. John W. Snow versus E. J. Allen, as administrator of the estate of Maude Allen, deceased.

It is insisted that the court erred in overruling defendant's demurrer to the complaint, the main insistence being that the plaintiff sought to recover among other damages, damages for the prenatal death of her infant, or prenatal injury to the infant; the insistence further being that such injury afforded no basis for damages in the action.

It will be observed that the complaint, after enumerating certain of her alleged injuries, proceeds, "and suffered and continues to suffer great mental and physical pain and anguish and was rendered likely to be caused to suffer in the future, and her health and physical stamina were greatly and permanently impaired and her life was endangered and her said child was killed and plaintiff was greatly distressed and suffered great mental and physical anguish on account thereof, all to the plaintiff's damage, wherefore she sues."

As we see it, the defendant does not properly interpret the plaintiff's complaint as regards the averments as to death of plaintiff's infant. As we construe the complaint, no recovery of damages is sought on account of

the death of the child, but for the pain and anguish suffered by the mother on account of its death, occasioned by the negligence of the defendant. If the mother was caused to suffer physical pain by reason of the killing of the unborn child, occasioned by the negligence of defendant, no one, we assume, would argue that she could not recover in this action for such pain; and, likewise, if on account of the negligent destruction of the child, in its delivery, the mother also suffered distress of mind, a recovery could be had for such mental anguish. This is just what the plaintiff claims in the complaint with reference to the killing of her unborn child.

In support of defendant's contention that the complaint is so framed as to authorize recovery of damages for the prenatal death of plaintiff's infant, and that such injury affords no basis for damages in this suit, we are referred in appellant's brief to the cases of Coker v. Coker, 209 Ala. 295, 96 So. 201, and Stanford v. St. Louis-San F. R. Co., 214 Ala. 611, 108 So. 566. A casual reading of these authorities will disclose that they do not support defendant's insistence.

■ However, were we to accept the defendant's construction of the complaint, it would by no means follow that the complaint was subject to any of the grounds of demurrer assigned thereto. So long as the child is within the mother's womb, it is a part of the mother, and for any injury to it, while yet unborn, damages would be recoverable by the mother in a proper case. This conclusion was reached by the Massachusetts' Supreme Court in the case of Dietrich, Adm'r v. Inhabitants of Northampton, 138 Mass. 14, 52 Am. Rep. 242, in which Justice Holmes, afterwards a justice of the United States Supreme Court, prepared the opinion of the court. This Massachusetts case was quite recently cited with approval by our court in the case of Stanford v. St. Louis-San F. R. Co., supra. supra.

And in the case of Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N. E. 638, 640, 48 L. R. A. 225, 75 Am. St. Rep. 176, it is held: "That a child before birth is, in fact, a part of the mother, and is only severed from her at birth. * * * "

■ We are of the opinion that the mother, in an action against the attending physician, may recover, in one and the same action, damages for all injuries sustained by her, by reason of—proximate result of—the negligence of the physician in and about the parturition of the infant, including the death of the infant, before it is severed from the mother, provided, of course, such death was due to negligence of the physician. It must be understood in this connection that negligence is the sine qua non to liability, no negligence, no liability.

■ Moreover, if it were conceded that this element of damage was nonrecoverable, it would not render the complaint demurrable for this reason. The question, in such cases, can only be raised by motion to strike, objection to evidence or charges. It only remains to be said that the court committed no error in overruling defendant's demurrer to the complaint.

■ We are of the opinion that the court did not commit error in permitting the plaintiff to show the condition of the child after it was delivered. This testimony tended to show that its head was crushed. Certainly this testimony was made competent and material under the testimony subsequently given by Dr. Snow and other testimony in the case. The defendant testified that the baby was dead before he made any effort to deliver it, while there was testimony tending to show that after the infant was delivered, it gasped twice. Besides, other testimony as to the same condition of the child at birth was given without objection.

■■ It may be conceded that at the time some of the hypothetical questions were propounded to Dr. Cameron, the same were subject to the objection that they were predicated upon facts not then disclosed in the evidence, yet thereafter such evidence was supplied, and thus rendered innocuous the erroneous ruling. Barfield v. South Highlands Infirmary et al., 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097. Of course, better practice would have suggested that the questions should have been deferred until the state of the evidence justified the question.

We have examined and considered each ruling of the court here presented for review by appellant in the matter of the admission and exclusion of evidence, and we find no error which would justify a reversal of the cause.

At the conclusion of the testimony, the defendant moved to exclude all the plaintiff's evidence. We will treat what appears in the record as showing a sufficient ruling upon said motion by the court, and a due reservation of an exception by the defendant. In other words, we will treat defendant's motion to exclude the evidence as having been overruled by the court, and an exception duly taken thereto by the defendant.

■ In civil cases, such a motion has been condemned by this court in so many cases here decided that we deem it unnecessary to collate the same. The trial court will not be reversed for refusing such a motion. Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586; Dorough v. Alabama Great So. R. Co., 222 Ala. 305, 128 So. 602. Defendant can, therefore, take nothing by this assignment of error.

It is strenuously insisted by the defendant that he was due the general affirmative charge, and that the court erred in not so instructing the jury at his request in writing. We have carefully reviewed and considered

all the evidence in the case, and are at the conclusion that there was sufficient evidence in the case to require its submission to the jury under our rule. In reaching this conclusion, we have not overlooked any of our pronouncements with respect to proof of negligence by expert testimony.

It is also insisted that the court erred in refusing to give the jury certain charges requested in writing by the defendant.

■ Charges X and X—8 were properly refused. We cannot affirm, as a matter of law, that a time may not come, or a condition may not arise, when it would not become the duty of a physician or surgeon to send a patient to a hospital for treatment. Whether the conditions shown by the evidence in this case were such as to suggest to Dr. Snow the necessity for sending Mrs. Allen to the hospital for treatment were for the jury to determine.

■ Charges X—5 and X—6 and 7 are manifestly bad, in that they each ignore that phase of the evidence tending to show negligence in the treatment and care of Mrs. Allen prior to the date on which the child was delivered.

■ We know of no rule of law, nor have we been cited to any, which supports charge aa.

■ Charge 36 was refused without error. In support of his contention that this charge has received the approval of this court, we are cited to the case of Langhorne et al. v. Simington, 188 Ala. 337, 66 So. 85. A most casual reading of the charge in the Langhorne Case will disclose that it is not in the same language as requested charge 36. The use of the preposition "on" renders this charge confusing, if not misleading. Again, the charge as it stands is elliptical.

■ Charges 12 and 28 were positively bad, for instructing the jury that the question submitted to them was not whether the plaintiff was injured, but whether the defendant was possessed of reasonable skill and was reasonably diligent, not negligent in the efforts to care for and treat the plaintiff. One of the issues was whether the plaintiff was in fact injured. Negligence without injury would not give rise to an action for damages.

■ If it be said that charge 32 asserts a correct proposition of law, it was substantially covered by charge cc, given at the request of defendant.

■ Charge X—4 would require a verdict for the defendant if the defendant could not have located or controlled, by the exercise of reasonable care, the source of pus or infection at the time of the operation, thus limiting the defendant's care and treatment to the time of the delivery.

■ Charge B, if not otherwise bad, was confusing and misleading by reason of the term "and/or." We again state that such a term has no place either in pleading or in charges.

Upon a full and careful consideration of the entire record, we find no reversible error in the matter of admission and rejection of evidence, nor do we find any error in the giving or refusal of charges.

We are thus brought to a consideration of the defendant's motion for a new trial. We have indicated above that the testimony was such as to require, under our rule, the submission of the cause to the jury.

■ Cases like the one under consideration are to be determined largely upon expert testimony. The burden of proof to establish negligence was, and is, upon the plaintiff. Proof that the plaintiff sustained injury in the parturition of the child will not suffice to show that this injury was the result of negligence. Nor will the fact that pus and infection developed after the delivery of the child, as it is made to appear from expert testimony in the case that medical science has found no way to absolutely prevent infection from taking place in some cases; and some of the worst types of infections occur where the vagina is normal. The doctrine of res ipsa loquitur does not apply. "The burden of proof is not shifted by showing an unsuccessful result has attended the treatment of the patient by the physician. Nor does the unsuccessful result of the case shift from plaintiff to the defendant the burden of going forward." 21 R. C. L. 407, § 49, citing Sweeney v. Erving, 35 App. D. C. 57, 43 L. R. A. (N. S.) 734, affirmed in 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, and note; Gillette v. Tucker, 67 Ohio St. 106, 65 N. E. 865, 93 Am. St. Rep. 639, note 665; Moore v. Smith, 215 Ala. 592, 111 So. 918.

■ The physicians or surgeons do not, in the absence of a contract to that end, insure a successful operation or cure. The reasonable and ordinary care, skill, and diligence which is required of them is such as physicians and surgeons in the same general neighborhood, in the same general line of practice, ordinarily have and exercise in a like case, and we may add under like conditions. When they have met this test in any given case, they have discharged the duty owing, and the fact that unsuccessful results have followed cannot be made the basis for recovery of damages. Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863; Carraway v. Graham, 218 Ala. 453, 118 So. 807; Thaggard v. Vafes, 218 Ala. 609, 119 So. 647; Moore v. Smith, 215 Ala. 592, 111 So. 918. Such is the firmly established rule of our cases. It is sound and salutary. There has never been but one "Perfect Healer."

Although the defendant was not entitled to the general charge, due to the fact that there were contradictory inferences to be drawn from the evidence, yet we think the verdict in this case was so contrary to the

great weight of the evidence that we cannot give it our approval. We are of the opinion the trial court erred in refusing to set aside the verdict, and in not awarding the defendant a new trial. The judgment of the circuit court for this error will be, and is, here re-versed and the cause remanded.

In passing upon the motion for new trial, we have purposely refrained from discussing the evidence in view of the fact that the cause may again be tried. However, the court has carefully considered all the evidence in the case.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.