## Berlin, Appellant, et al., *v.* J. C. Penney Company, Inc.

Argued October 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

548

 

*Joseph M. Loughran,* of *Scales, Loughran & Shaw,* for appellant.

*Robert W. Smith,* of *Smith, Best & Horn,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, October 28, 1940:

The question here involved is whether an infant can maintain an action for injuries sustained while en ventre sa mere. The court below held that he could not.

This question has never been presented to an appellate court in Pennsylvania. The courts of review of other states have consistently held that such an action cannot be maintained: *Drobner v. Peters,* 232 N. Y. 220, 133 N. E. 567; *Dietrich v. Northampton,* 138 Mass. 14, 52 Am. Rep. 242; *Ryan v. P. S. C. T.,* 18 N. J. Misc. 429, 14 A. (2) 52; *Allaire v. St. Luke's Hosp.,* 184 Ill. 359, 56 N. E. 638.

At early common law the mother and child until birth were considered as one, the child was not deemed to have an existence independent of the parent. As a result, an injury to an unborn child was looked upon as an injury to the mother. It is true that the unity of mother and child has been relaxed in modern times and that

today for some beneficial purposes a child en ventre sa mere is considered as born. However, there is no warrant for holding, independent of a statute, that a cause of action for pre-natal injuries to a child accrues at birth: 4 Restatement, Torts, Sec. 869.

Judgment affirmed.