MALCOLM S. WORGAN, *et al.*, Plaintiffs, v. GREGGO & FERRARA, INC., *et al.*, Defendants and Third-Party Plaintiffs, v. GEORGE A. HALL, Third-Party Defendant.

(*December* 26, 1956.)

LAYTON, J., sitting.

*C. W. Berl*, Jr., for the Plaintiffs.

*David Snellenburg, II*, for the Defendants.

---

Superior Court for New Castle County, No. 1115, Civil Action, 1955.

LAYTON, J.:

In my first opinion upon this subject, I concluded that the administrator of a viable infant killed by negligence had no right of action against the wrongdoer. A motion for reargument was filed and granted, and after a thorough reexamination of the rapidly growing list of recent decisions to the contrary, I have decided that the weight of modern authority is in favor of such a cause of action.

The early decisions, headed by *Dietrich v. Inhabitants of Northampton*, 1884, 138 *Mass.* 14 denied recovery. In the cited case, Justice Holmes then speaking for the Supreme Judicial Court of Massachusetts held that a child *en ventre sa mere* was a part of its mother having no separate existence and was not entitled to sue through an administrator for injuries leading up to its death. A number of jurisdictions later came to the same conclusion. *Walker v. Great Northern Railway* (1891)· 28 *L. R. Ireland* 69; *Allaire v. St. Luke's Hospital*, 1900, 184 *Ill.* 359, 56 *N. E.* 638, 48 *L. R. A.* 225; *Gorman v. Budlong*, 1901, 23 *R. I.* 169, 49 *A.* 704, 55 *L. R. A.* 118; *Buel v. United Railways Co.*, 1913, 248 *Mo.* 126, 154 *S. W.* 71, 48 *L. R. A., N. S.*, 625; *Stanford v. St. Louis-San Francisco R. Co.*, 1926, 214 *Ala.* 611, 108 *So.* 566; *Magnolia Coca Cola Bottling Co. v. Jordan*, 1935, 124 *Tex.* 347, 78 *S. W.* 2d 944, 97 *A. L. R.* 1513; *Newman v. City of Detroit*, 1937, 281 *Mich.* 60, 274 *N. W.* 710; *Berlin v. J. C. Penney Co.*, 1940, 339 *Pa.* 547, 16 *A.* 2d 28; *Stemmer v. Kline*, 1942, 128 *N. J. L.* 455, 26 *A.* 2d 489, 684; *Drobner v. Peters*, 1921, 232 *N. Y.* 220, 133 *N. E.* 567, 20 *A. L. R.* 1503. It now appears, however, that the *St. Luke's Hospital* case and the *Buel* and *Drobner* decisions have been overruled. Thus, there remain but eight jurisdictions which presently deny recovery in such a case.

To the contrary, recent decisions of twelve jurisdictions have served to transform what was, until 1950, the heavy majority into the minority view. The citations of these cases follow:

*Amann v. Faidy*, 1953, 415 *Ill.* 422, 114 *N. E.* 2d 412; *Bonbrest v. Kotz, D. C.*, 1946, 65 *F. Supp.* 138; *Verkennes v. Corniea*, 1949, 229 *Minn.* 365, 38 *N. W.* 2d 838, 10 *A. L. R.* 2d 634; *Jasinsky v. Potts*, 1950, 153 *Ohio St.* 529, 92 *N. E.* 2d 809; *Woods v. Lancet*, 1951, 303 *N. Y.* 349, 102 *N. E.* 2d 691; *Damasiewicz v. Gorsuch*, 1951, 197 *Md.* 417, 79 *A.* 2d 550; *Tucker v. Howard L. Carmichael & Sons, Inc.*, 1951, 208 *Ga.* 201, 65 *S. E.* 2d 909; *Steggal v. Morris*, 1953, 363 *Mo.* 1224, 258 *S. W.* 2d 577; *Tursi v. New England Windsor Company*, 1955, 19 *Conn. Sup.* 242, 111 *A.* 2d 14; *Mallison v. Pomeroy*, 1955, 205 *Or.* 690, 291 *P.* 2d 225; *Rainey v. Horn*, 1950, 221 *Miss.* 269, 72 *So.* 2d 434; *Mitchell v. Couch, Ky.* 1955, 285 *S. W.* 2d 901.*

Nearly all these Courts repudiate the theory of the *Dietrich* case to the effect that a viable foetus is part of its mother and has no separate existence apart from her body. All of them hold that a viable foetus injured or killed by the negligence of another is entitled to sue either on its own behalf or through an administrator, depending upon whether it survived the accident. Leading text writers have also condemned the rationale of the *Dietrich* case. Thus, *Prosser, Law of Torts*, (2d Ed.) 1955, p. 174, has this to say:

"All writers who have discussed the problem have joined in condemning the old rule, in maintaining that the unborn child in the path of an automobile is as much a person in the street as the mother, and in urging that recovery should be allowed upon proper proof.

"This criticism has at last had its effect. Beginning with a decision in the District of Columbia in 1946, a series of cases,

---

*\*Cooper v. Blanck, La. App.*, 39 *So.* 2d 352 and *Montreal Tramways v. Leveille*, 4 *D. L. R.* 337 (Canada) 1933, are frequently cited for this proposition. They do so hold but the construction of special statutes relating to the civil law places them in a separate category.

many of them overruling former holdings, have held that an infant born alive may maintain an action for prenatal injuries, and that an action for wrongful death will lie where it dies as a result of such injuries after birth. The reversal is so definite and marked as to leave no doubt that this will be the law of the future in the United States."

See also *Virginia Law Review,* P. 611 (1950) ; 48 *Michigan Law Review,* P. 539 (1949-1950)', and the case notes from 63 *Harv. L. Rev.* 173 (1950) and 35 *Corn. L. Q.* 648 (1949-50).

So numerous and recent have been these authorities that I am convinced that I should rescind the Order entered on November 16. Accordingly, defendant's motion for summary judgment is denied. By stipulation of counsel, defendant's motion to strike is granted.