17460

Walter B. WEST, Administrator of the Estate of Baby Child (unnamed) West, Deceased, Plaintiff-Respondent, v. C. L. McCOY and Curtis Catoe, Defendants-Appellants

(105 S. E. (2d) 88)

*Messrs. D. Glenn Yarborough,* of Lancaster, and *William F. Prioleau, Jr.,* of Columbia, *for Appellants,*

· *Messrs. Richards & Richards* and *Richards, Caskey & Richards,* of Lancaster, *for Respondent,* 

August 20, 1958.

TAYLOR, Justice.

This appeal arises out of an action for the wrongful death of an unborn child, said action being brought under Section 10-1951, Code of Laws of South Carolina, 1952, which reads as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, not withstanding the death of the person injured, * * *".

The complaint, omitting immaterial parts, appears as follows:

"3. That Plaintiff brings this action for damages including punitive damages for the wrongful death of the late Baby child (unnamed) West, Plaintiff's child, which wrongful death was caused by one or more or all of the reckless, willful, careless, negligent and wanton acts or delicts of the Defendants, as is hereinafter specifically set out.

"4. That at or about 11 A. M., May 13, 1957 Mary Ruth M. West was about five months pregnant with child and was driving her 1954 Ford automobile Northward on U. S. Highway No. 521 alternate in the town of Kershaw, Lan-

caster County, South Carolina, in a lawful, careful and prudent manner. That as she approached the railroad tracks which cross said alternate highway a short distance South of said alternate's intersection with U. S. No. 521, she gave a proper and lawful mechanical lighted turn signal in order that she might turn left off the highway. Before she could turn, a 1956 Chevrolet automobile, owned by Defendant Curtis Catoe, and being driven Northward by Defendant C. L. McCoy recklessly and at a high speed, crashed violently into the rear of her automobile and severely bruising and shaking Mrs. West, wrenching her neck and causing her to be highly nervous.

* * *

"5. That as a direct result of the above described collision the following occurred: Mrs. West experienced internal cramps shortly after the accident and early the next morning vaginal bleeding began. Upon the advice of her doctor Mrs. West went to bed and remained until she went to the hospital. The bleeding and cramps continued. She began to run temperature and experienced swelling of her abdomen. She continued to feel the fetal movements of the child until about June 1, having first felt the child around May 1 when she was about four and one-half months pregnant. On about June 15, 1957, Mrs. West's condition became so bad that she was taken to the hospital where on June 17, 1957, she suffered a miscarriage. Prior to the wreck, Mrs. West had experienced no difficulty with her pregnancy.

"6. That said miscarriage was proximately, directly and solely caused by the negligent, careless, willful, unlawful, reckless and wanton acts of Defendant C. L. McCoy, driver of the said automobile owned by Defendant, Curtis Catoe, in the manner hereinbefore described and in the following particulars, to wit: * * ."

Appellant demurred to the foregoing complaint upon the grounds that "it appears on the face thereof that the Complaint does not state facts sufficient to constitute a cause of action, and that the Plaintiff has no legal capacity to sue."

The demurrer was overruled, and this appeal presents for the first time before this Court the question of whether or not an action will lie for the wrongful death of an unborn child, which is quick and capable of moving in its mother's womb.

The weight of authority supports the rule that in absence of a statute, a prenatal injury affords no basis for an action for wrongful death by the parents or personal representative of a child. This is true where a statute giving the right of action for the wrongful death is construed as conferring such right only where the injured person could himself have maintained an action for damages had he lived and a child so injured is regarded as having no right of action. 16 Am. Jur. 56, Sec. 75.

"It is a general rule of law that in the absence of a statutory provision (this State has no such statute) requiring a different result, a prenatal injury affords no basis for an action in damages in favor of the child. The doctrine of the civil law and the ecclesiastical and admiralty courts that an unborn child may be regarded as *in esse* for some purposes, when for its benefit, has been characterized as a legal fiction not indulged in by the courts to the extent of allowing an action by an infant for injuries occasioned before its birth. A reason advanced for this rule is that there is no person in being at the time of the accident to whom the defendant owes a duty of care. There is, however, some difference of opinion on the question." 52 Am. Jur. 440, Sec. 98.

The 1958 Supplement to this Volume, Page 32, sets forth:

"* * * Some comparatively recent decisions, indicative of a more liberal and realistic approach to the problem, support the view that an unborn child, viable and capable of existing independently of its mother when injuries are wrongfully inflicted upon it, may, after birth, maintain an action for such injuries. * * *"

The following cases are of interest in considering the proposition that an unborn child has no cause of action for

prenatal injuries, and no right of action exists for its death prior to birth in that the unborn child is a part of the mother at the time of injury and any damage to it which is not too remote to be recovered at all is recoverable by her. *Dietrich v. Inhabitants of Northampton,* 138 Mass. 14, 52 Am. Rep. 242; *Allaire v. St. Luke's Hospital,* 184 Ill. 359; 56 N. E. 638, 48 L. R. A. 225, 75 Am. St. Rep. 176; *Gorman v. Budlong,* 23 R. I. 169, 49 A. 704, 55 L. R. A. 118, 91 Am. St. Rep. 629; *Buel v. United Rys. Co.,* 248 Mo. 126, 154 S. W. 71, 45 L. R. A., N. S., 625, Ann. Cas. 1914C, 613, 4 N. C. C. A. 129; *Nugent v. Brooklyn Heights R. Co.,* 209 N. Y. 515, 102 N. E. 1107; *Lipps v. Milwaukee Electric Ry. & Light Co.,* 164 Wis. 272, 159 N. W. 916, L. R. A. 1917B, 334, 13 N. C. C. A. 1113; *Drobner v. Peters,* 232 N. Y. 220, 133 N. E. 567, 20 A. L. R. 1503, 21 N. C. C. A. 702; *Stanford v. St. Louis-San Francisco R. Co.,* 214 Ala. 611, 108 So. 566, 25 N. C. C. A. 874; *Magnolia Coca-Cola Bottling Co. v. Jordan,* 124 Tex. 347, 78 S. W. (2d) 944, 97 A. L. R. 1513; *Newman v. City of Detroit,* 281 Mich. 60, 274 N. W. 710; *Smith v. Luckhardt,* 299 Ill. App. 100, 19 N. E. (2d) 446; *Drabbels v. Skelly Oil Co.,* 155 Neb. 17, 50 N. W. (2d) 229; *Howell v. Rushing,* Okla., 261 P. (2d) 217; *Norman v. Murphy,* 124 Cal. App. (2d) 95, 268 P. (2d) 178; *Cavanaugh v. First Nat'l Stores, Inc.,* 329 Mass. 179, 107 N. E. (2d) 307; Restatement, Torts, Sec. 869; 52 Am. Jur. 291, 296; *Mays v. Weingarten,* Ohio App., 82 N. E. (2d) 421.

Recently the trend has been toward a more liberal construction, and various Courts have had before them for consideration cases involving prenatal injuries to a fetus or unborn child of various stages of development where recovery was permitted or indicated. *Stemmer v. Kline,* 17 A. (2d) 58, 19 N. J. Misc. 15; Id., 128 N. J. L. 455, 26 A. (2d) 489, 684; *Kine v. Zuckerman,* 4 Pa. Dist. & Co. R. 227, but see *Berlin v. J. C. Penney Co., Inc.,* 339 Pa. 547, 16 A. (2d) 28; *Lipps v.Milwaukee Electric Ry. & Light Co., supra,* where the Court indicates that a cause of action for

prenatal injuries to a viable child would lie; *Cooper v. Blanck,* La. App., 39 So. (2d) 352; *Amann v. Faidy,* 415 Ill. 422, 114 N. E. (2d) 412, (Overruled the *Allaire case*); *Bonbrest v. Kotz,* D. C., 65 F. Supp. 138; *Damasiewicz v. Gorsuch,* 197 Md. 417, 79 A. (2d) 550; *Jasinsky v. Potts,* 153 Ohio St. 529, 92 N. E. (2d) 809; *Tucker v. Howard L. Carmichael & Sons, Inc.,* 208 Ga. 201, 65 S. E. (2d) 909; *Prates v. Sears, Roebuck & Co.,* 19 Conn. Supp., 487, 118 A. (2d) 633; *Worgan v. Greggo & Ferrara, Inc.,* Del. Super., 128 A. (2d) 557; *Rainey v. Horn,* 221 Miss. 269, 72 So. (2d) 434; *Steggall v. Morris,* 363 Mo. 1224, 258 S. W. (2d) 577; *Verkennes v. Corniea,* 229 Minn. 365, 38 N. W. (2d) 838, 10 A. L. R. (2d) 634; *Poliquin v. Mac-Donald,* 101 N. H. 104, 135 A. (2d) 249. See Annotations, Prenatal injury as ground of action, 10 A. L. R. (2d) 1059 and 27 A. L. R. (2d) 1256, *et seq.*

An expectant mother sustaining personal injuries as a result of which her child is born dead has no cause of action for the death of the child, the child not being regarded as a person until born alive. 25 C. J. S. Death § 21, p. 1087; see also 16 Am. Jur. 56, Sec. 75. Under common law the child had no right to recover damages for prenatal injuries and the parents had no right to recover damages either before or after birth; therefore, if the right to recover money by way of damages exists, it exists perforce by way of statute. In *Woods v. Lancet,* 1951, 303 N. Y. 349, 102 N. E. (2d) 691, 27 A. L. R. (2d) 1250, the New York Court recognized the recent trend permitting a child to maintain an action by his representative in case of subsequent death arising out of prenatal injuries; but in 1956, *In re Estate of Logan,* 4 Misc. (2d) 283, 156 N. Y. S. (2d) 49, it was held that where a child was born dead allegedly by reason of injuries suffered while in its mother's womb some few months prior to birth, by reason of precedent and public policy, a wrongful death action for unborn child could not be instituted.

In instant case, we are not concerned with death after birth, neither does it appear that the child was viable at the time of injury or delivery but that movement which was first felt about May 1 continued until about June 1, when she was approximately five and one-half months pregnant. Approximately 17 days thereafter, she suffered a miscarriage. There is a medical distinction between the term "embryo" and the phrase "viable fetus". The embryo is the fetus in the earliest stages of development but the expression "viable fetus" means the child has reached a stage of development where it can live outside the female body as well as within it. A fetus generally comes a viable child between the sixth and seventh month of its existence. *Mitchell v. Couch,* Ky., 285 S. W. (2d) 901.

Many of the decisions heretofore referred to arise out of cases where prenatal injuries resulted in disability or death after live birth and where the infant was viable and capable of being delivered and remaining alive separate from its mother at the time of injury or death. The allegations of the complaint, which must be taken as true for the purpose of demurrer, in instant case are that the child was quick, that the mother "continued to feel the fetal movements of the child until around June 1, having first felt the child around May 1 when she was about four and one-half months pregnant." We are, therefore, not concerned here with whether an action may be maintained by a child injured while en ventre sa mère and born alive, and intimate no opinion thereabout, but where the mother suffered a miscarriage after approximately five and one-half months of pregnancy. The policy considerations which call for a right of action when a child survives do not necessarily apply in the absence of survival.

We are not unmindful of the Opinion of this Court in *State v. Steadman,* 214 S. C. 1, 51 S. E. (2d) 91. It must be remembered, however, that this case involved the construction of a criminal statute and is not apropos here.

Under the facts as heretofore stated, we are of the opinion that an action will not lie under Section 10-1951, Code of Laws of South Carolina, 1952, that the Order should be reversed and the demurrer sustained; and it is so ordered. Reversed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.