265 So.2d 596

R. H. HUSKEY, Jr.

v.

Marvin O. SMITH, Jr.

6 Div. 861.

Supreme Court of Alabama.

Aug. 10, 1972.

———◆———

Francis H. Hare, Jr., Birmingham, for appellant.

MADDOX, Justice.

This appeal presents but one question for review: Should Alabama now recognize a wrongful death claim arising from a prenatal injury to a fetal child which is born alive but later dies?

Mrs. Doris Huskey was riding as a passenger in an automobile which was struck by an automobile operated by the appellee, Marvin O. Smith, Jr. Mrs. Huskey was seven and one-half months pregnant. Five days after the accident the child she was carrying was born alive but died five days after his birth.

This action for wrongful death was filed by the child's father. The complaint alleged that death resulted from injuries received by the child while still in his mother's womb. Defendant's demurrer which

Huie, Fernambucq & Stewart, and Paul G. Smith, Birmingham, for appellee.

raised the defense that no cause of action exists for the wrongful death of a child resulting from injuries received before birth was sustained. Plaintiff took a non-suit and appealed.

Appellant candidly asserts that this court should overrule the case of Stanford v. St. Louis-San Francisco Ry. Co., 214 Ala. 611, 108 So. 566 (1926), which held that a prenatal injury afforded no basis for an action in damages, in favor either of the child or its personal representative. We agree that *Stanford* should be overturned and Alabama will join every other jurisdiction in recognizing such a cause of action.

The conclusion reached in *Stanford*, supra, was based upon the prevailing medical opinion *of that day* that a fetal child was a part of the mother and was not a "person" until it was born. Alabama today is the only state which still has on its books an opinion denying to a parent or legal representative the right to proceed in a wrongful death action where (a) the fetal child was *viable* at the time of the injury and (b) the child is *born alive*.

*Stanford* was based upon decisions from six other jurisdictions.[1] Each of these six decisions has been expressly overruled or modified so that none is current precedent.

We take each case cited in *Stanford* and show what the various courts have done since those decisions were announced.

Drobner v. Peters, 232 N.Y. 220, 133 N.E. 567 (1921) was specifically overruled in New York by Woods v. Lancet, 303 N.Y. 349, 102 N.E.2d 691 (1951).

The case of Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N.E. 638 (1900) was overruled by the Supreme Court of Illi-

nois in Amann v. Faidy, 415 Ill. 422, 114 N.E.2d 412 (1953).

Dietrich v. Northampton, 138 Mass. 14, 52 Am.Rep. 242 (1884) was limited to its particular factual setting and its effect substantially weakened in the later Massachusetts decision of Keyes v. Construction Service, Inc., 340 Mass. 633, 165 N.E.2d 912 (1960), wherein the court commended the doctrine of stare decisis but stated that it was more important for the court to be right. See also Torigian v. Watertown News Co., 352 Mass. 446, 225 N.E.2d 926 (1967).

Buel v. United Rys. Co. of St. Louis, 248 Mo. 126, 154 S.W. 71 (1913) was overruled by Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577 (1953).

Recently, the Supreme Court of Rhode Island overruled the old case of Gorman v. Budlong, 23 R.I. 169, 49 A. 704 (1901); Sylvia v. Gobeille, 101 R.I. 76, 220 A.2d 222 (1966).

The last authority cited in this court's *Stanford* case as precedent was Lipps v. Milwaukee Electric Ry. & Light Co., 164 Wis. 272, 159 N.W. 916 (1916). *Lipps* was cited and discussed in Puhl v. Milwaukee Automobile Ins. Co., 8 Wis.2d 343, 99 N.W. 2d 163 (1960), and the Wisconsin court indicated that it was in favor of allowing a cause of action for prenatal injuries to a *viable* fetus where the child was subsequently *born alive*.

Stare decisis is a salutary doctrine. But blind adherence to a precedent no longer supported by contemporary knowledge or precedent is not required. *Stanford* was based upon reasoning which is no longer considered valid by any other jurisdiction. See Annotation: Prenatal Injuries—Liability, 40 A.L.R.3d 1222. Furthermore, to give further force to *Stanford* would give protection to an alleged tort-feasor. In Ala-

1. "Joseph Drobner v. Peters, 232 N.Y. 220, 133 N.E. 567; Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N.E. 638; Dietrich v. Northampton, 138 Mass. 14; Buel v. United Railway Co., 248 Mo. 126, 154 S.W. 71; Gorman v. Budlong, 23 R.I. 169, 49 A. 704; Lipps v. Milwaukee Electric [Ry. & Light] Co., 164 Wis. 272, 159 N.W. 916."

bama, especially, this would seem anomalous. Our wrongful death statute provides for punitive damages. Bell v. Riley Bus Lines, 257 Ala. 120, 57 So.2d 612 (1952). By the criminal law, it is a great crime to kill the child after it is able to stir in the mother's womb, by an injury inflicted upon the person of the mother, and it may be murder if the child is *born alive* and dies of prenatal injuries. Clarke v. State, 117 Ala. 1, 23 So. 671 (1897). One of the purposes of our wrongful death statute is to prevent homicides. Bell v. Riley Bus Lines, supra. If we continued to follow *Stanford*, which followed then existing precedent, a defendant could be responsible criminally for the homicide of a fetal child but would have no similar responsibility civilly. This is incongruous.

*Stanford*, supra, seems bottomed on the following:

(1) Authorities in other jurisdictions were unanimous in holding that a prenatal injury afforded no basis for an action in damages.

(2) Recovery in such an action would be based on pure speculation and conjecture as to whether or not the prenatal injury was the cause of death.

(3) The mother could recover any damage to the child which was not too remote to be recovered at all.

(4) A child before birth is a part of the mother.

As to point one, Alabama is now the only jurisdiction which holds that a prenatal injury affords no basis for an action in damages; therefore, that basis for continuing to follow *Stanford* no longer exists.

On point two, appellee admits that proof of a causal connection between the prenatal injury and death is not considered speculative in view of current medical knowledge. Consequently, point two is no longer valid in support of the *Stanford* opinion.

Point four to the effect that a child before birth is a part of the mother is no longer correct medical fact.[2]

As to point three, in *Stanford*, this Court, following a Massachusetts case, stated that the mother could recover for injury to the unborn child, because the child was a part of her at the time of the injury. As we have already pointed out, the theory is based upon an incorrect statement of medical fact that the child is a part of the mother. This Court, in Snow v. Allen, 227 Ala. 615, 151 So. 468 (1933), stated again, citing Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N.E. 638 (now overruled— Amann v. Faidy, 415 Ill. 422, 114 N.E.2d 412) that a child, before birth is, *in fact*, a part of the mother.

A careful reading of Snow v. Allen shows that it is not applicable to the facts of this case. The Court, in Snow v. Allen, was careful to point out that the complaint there did *not* seek damages for the *death* of the child, but only for the pain and anguish suffered *by the mother* on account of its death.

In any event, the statement in *Stanford* that the mother could recover for the death of the fetal child was based upon the incorrect proposition that the fetal child was a part of the mother.[3]

In the light of the present state of medical science and the overwhelming weight

---

2. Herzog, Medical Jurisprudence, § 860–975 (1931). See also, Smith v. Brennan, 31 N.J. 353, 157 A.2d 497 (1960), and medical authorities cited therein at page 502.

3. We do not decide in this appeal whether a mother may recover damages for pain and suffering by her. The action here seeks only damages for the wrongful death of the *child*. It is not necessary either for this Court to decide in this cause whether an action for personal injury or wrongful death would exist *before the fetus is viable* or under circumstances where the child is stillborn. The facts here are that the fetus was viable, the child was born alive, and then died allegedly because of prenatal injuries. This opinion is limited to these facts.

of judicial authority, this Court overrules *Stanford*.

This cause is due to be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, McCALL and SOMERVILLE, JJ., concur.