I concur in that portion of the main opinion affirming the summary judgment as to L.K.D.H.'s own claims. Although L.K.D.H. undoubtably can be said to have been damaged under traditional tort principles (see Speck v. Finegold,268 Pa.Super. 342, 364-66, 408 A.2d 496, 508 (1979), aff'd in pertinentpart, 497 Pa. 77, 439 A.2d 110 (1981), and Snow v.Allen, 227 Ala. 615, 619, 151 So. 468, 471 (1933)), she has failed to demonstrate that expert evidence is unnecessary.
As to that portion of the main opinion reversing the summary judgment as to the claims brought by L.K.D.H. on behalf of J.L.D., I concur only in the result. Given the ultimate purpose of the procedure undertaken by L.K.D.H., it is unclear to me whether the entirety of the caveat enunciated by the Alabama Supreme Court in Elliott v. Brown, 361 So.2d 546, 548
(Ala. 1978), applies here. I believe that the Alabama Supreme Court will ultimately have to expound upon the scope ofElliott `s holding and the caveat thereto.[4]
[4] I note that this case was transferred to this court pursuant to § 12-2-7(6), Ala. Code 1975, a statute that indicates that cases within the Alabama Supreme Court's appellate jurisdiction presenting "novel legal question[s]" having "significant statewide impact" should not be transferred.
CRAWLEY, P.J., concurs.