WILLIAM H. VERKENNES v. ALBERT D. CORNIEA
AND ANOTHER.
MATERNITY HOSPITAL, RESPONDENT.[1]

August 19, 1949.

No. 34,950.

T. H. Wangensteen, for appellant.

Meagher, Geer & Markham and Clyde F. Anderson, for respondent.

[1]Reported in 38 N. W. (2d) 838.

THOMAS GALLAGHER, JUSTICE.

This is an action for the wrongful death of an unborn child. It is brought under M. S. A. 573.02, which provides in part:

"When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission."

The trial court sustained defendant Maternity Hospital's demurrer to the complaint, which was based upon the ground that the complaint did not state a cause of action against it, in that plaintiff did not have legal capacity to sue, since plaintiff's decedent had in fact never existed as a person in being. This is an appeal from the order sustaining the demurrer.

The complaint alleged, among other things, that Beatrice Verkennes, mother of the deceased child and wife of plaintiff, prior to May 24, 1948, had been pregnant and under the care of defendant physician, not a party to this appeal, who had undertaken to treat and care for her during her confinement and in connection with the delivery of her child; that by arrangement between the parties she was taken to Maternity Hospital in Minneapolis for confinement and delivery; that on May 23, 1948, the physician ordered Beatrice Verkennes to said hospital for confinement and delivery; that she entered such hospital for that purpose at about 7:30 p. m. May 23, 1948; that after labor incident to childbirth had commenced defendants were to call plaintiff, but that they failed to call or notify him of any danger or emergency, and in fact did not call him until the following morning, at which time they advised him that his wife and expected child had died.

The complaint further alleged upon information and belief that Beatrice Verkennes's death was caused by a rupture of the uterus during labor and hemorrhage therefrom; that defendants failed to properly aid, treat, and care for her during her confinement and to provide her with the necessary care and treatment which a skilled

physician and surgeon should have furnished and a skillful and prudent hospital should have provided; and that by reason thereof the patient died undelivered.

The complaint further alleged that at the time said Beatrice Verkennes entered the hospital her unborn child was still alive, and that such child, in the exercise of reasonable and prudent care on the part of defendants, would have been born alive a normal and healthy child; that by reason of the failure of defendants to properly attend her the expected child, Baby Girl Rita Verkennes, died; that defendants, and each of them, by the exercise of reasonable, prudent, and professional care and attention, could have delivered the expected child alive; and that their failure to exercise such care and attention caused the death of the undelivered child.

■ On appeal from an order sustaining a demurrer by one defendant, we are compelled to consider as true all material facts well pleaded in the complaint as to such defendant. In justice to the answering defendant, it must be kept in mind that the allegations with reference to negligence and other like matters are denied by his answer and are not to be considered as true as against the answering defendant until proved in the same manner as if he were the only defendant.

The question, here for determination for the first time, is whether the special administrator of the estate of an unborn infant which dies prior to birth as the result of another's negligence has a cause of action on behalf of the next of kin of said unborn infant under the wrongful-death statute.

■ There is a conflict of authorities on the issue in other jurisdictions. A large number of courts have followed the early case of Dietrich v. Inhabitants of Northampton, 138 Mass. 14, 17, 52 Am. R. 242, wherein the court stated:

"* * * as the unborn child was a part of the mother at the time of the injury, any damage to it which was not too remote to be recovered for at all was recoverable by her, * * *."

The reasoning thus expressed was adhered to in many subsequent cases. Allaire v. St. Luke's Hospital, 184 Ill. 359, 56 N. E. 638, 48

L. R. A. 225, 75 A. S. R. 176; Gorman v. Budlong, 23 R. I. 169, 49 A. 704, 55 L. R. A. 118, 91 A. S. R..629; Buel v. United Railways Co. 248 Mo. 126, 154 S. W. 71, 45 L.R.A.(N.S.) 625, Ann. Cas. 1914C, 613; Nugent v. Brooklyn Heights R. Co. 154 App. Div. 667, 139 N. Y. S. 367, appeal dismissed, 209 N. Y. 515, 102 N. E. 1107; Lipps v. Milwaukee Elec. Ry. & L. Co. 164 Wis. 272, 159 N. W. 916, L. R. A. 1917B, 334; Drobner v. Peters, 232 N. Y. 220, 133 N. E. 567, 20 A. L. R. 1503; Stanford v. St. Louis-San Francisco Ry. Co. 214 Ala. 611, 108 So. 566; Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S. W. (2d) 944, 97 A. L. R. 1513; Newman v. City of Detroit, 281 Mich. 60, 274 N. W. 710; Smith v. Luckhardt, 299 Ill. App. 100, 19 N. E. (2d) 446.

A substantial number of authorities have taken an opposite view. They have, in most instances, cited with approval the language used by Mr. Justice Boggs, who wrote the dissenting opinion in Allaire v. St. Luke's Hospital, 184 Ill. 359, 370, 56 N. E. 638, 641, wherein he stated:

"* * * if, * * * it [the unborn child] reaches the pre-natal age of viability when the destruction of the life of the mother does not necessarily end its existence also, and when, if separated prematurely and by artificial means from the mother, it would be so far a matured human being as that it would live and grow, mentally and physically, as other children generally, it is but to deny a palpable fact to argue there is but one life, and that the life of the mother. Medical science and skill and experience have demonstrated that at a period of gestation in advance of the period of parturition the foetus is capable of independent and separate life, and that though within the body of the mother it is not merely a part of her body, for her body may die in all of its parts and the child remain alive and capable of maintaining life * * *. If at that period a child so advanced is injured in its limbs or members and is born into the living world suffering from the effects of the injury, is it not sacrificing truth to a mere theoretical abstraction to say the injury was not to the child but wholly to the mother?

"* * * Blackstone, after declaring the right of personal security to be an absolute right, says: 'The right of personal security consists in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health and his reputation. Life is the immediate gift of God,—a right inherent by nature in every individual; and it begins, in contemplation of law, as soon as an infant is able to stir in the mother's womb. * * *' "

In the recent Canadian case of Montreal Tramways v. Leveille [1933] 4 Dom. L. R. 337, 344, involving prenatal injuries to a surviving child, the supreme court of Canada adhered to this viewpoint, saying:

"* * * The wrongful act which constitutes the crime may constitute also a tort, and, if the law recognizes the separate existence of the unborn child sufficiently to punish the crime, it is difficult to see why it should not also recognize its separate existence for the purpose of redressing the tort.

"* * * If a right of action be denied to the child it will be compelled, without any fault on its part, to go through life carrying the seal of another's fault and bearing a very heavy burden of infirmity and inconvenience without any compensation therefor. To my mind it is but natural justice that a child, if born alive and viable, should be allowed to maintain an action in the Courts for injuries wrongfully committed upon its person while in the womb of its mother."

In Bonbrest v. Kotz (D. C.) 65 F. Supp. 138, 140, 142, in which the facts are somewhat analogous to those in the instant case, the court stated:

"From the viewpoint of the civil law and the law of property, a child en ventre sa mere is not only regarded as human being, but as such from the moment of conception—which it is in fact.

"Why a 'part' of the mother under the law of negligence and a separate entity and person in that of property and crime?

"Why a human being, under the civil law, and a non-entity under the Common Law?

"It has, if viable, its own bodily form and members, manifests all of the anatomical characteristics of individuality, possesses its own circulatory, vascular and excretory systems and is capable *now* of being ushered into the visible world.

\* \* \* \* \*

"The absence of precedent should afford no refuge to those who by their wrongful act, if such be proved, have invaded the right of an individual \* \* \*?

\* \* \* \* \*

"That a right of action in cases of this character would lead to others brought in bad faith and might present \* \* \* a premise with which I do not agree—is no argument. The law is presumed to keep pace with the sciences and medical science certainly has made progress since 1884. We are concerned here only with the right and not its implementation."

For other authorities advancing this viewpoint, see, also, Stemmer v. Kline, 19 N. J. Misc. 15, 17 A. (2d) 58, reversed (by a 9-to-6 decision) 128 N. J. L. 455, 26 A. (2d) 489, 684; Kine v. Zuckerman, 4 Pa. D. & C. 227 (but, see, Berlin v. J. C. Penney Co. Inc. 339 Pa. 547, 16 A. [2d] 28); Lipps v. Milwaukee Elec. Ry. & L. Co. 164 Wis. 272, 159 N. W. 916, L. R. A. 1917B, 334, where the court indicates that it would afford a cause of action for prenatal injuries to a viable child; Cooper v. Blanck (La. App.) 39 So. (2d) 352. See, also, Frey, *Injuries to Infants En Ventre Sa Mere*, 12 St. Louis L. Rev. 85; Kerr, *Action by Unborn Infant*, 61 Cent. L. J. 364; Straub, *Right of Action for Pre-Natal Injury* (1929-1930) 33 Law Notes 205.

We adhere to the principles expressed in the latter cases, even though they may be of the minority. We hold that under the wrongful-death statute the action here will lie. Its language is clear. Thereunder, a cause of action arises when death is caused by the wrongful act or omission of another, and the personal representative of the decedent may maintain such action on behalf of the next of kin of decedent. It seems too plain for argument that where independent existence is possible and life is destroyed

through a wrongful act a cause of action arises under the statutes cited.

In view of the allegations of the complaint, which must be accepted as true for present purposes, there is no question here about the viability of the unborn child, or its capacity for a separate and independent existence.

We are of the opinion that the complaint stated a cause of action, and the trial court's order sustaining the demurrer thereto must be reversed.

The former opinion herein filed June 24, 1949, is withdrawn, and the foregoing corrected opinion is substituted therefor.