## HOWELL et al. v. RUSHING.
### No. 35397.
Supreme Court of Oklahoma.
Sept. 15, 1953.

218

■■■■■■■■■■■■■■■■■■■■■■■■■■■

———◆———

Reuel W. Little, Oklahoma City, Thomas E. Shaw, Madill, Edgar S. Vaught, Jr., Oklahoma City, for plaintiffs in error.

Welch & Welch, Madill, Pierce, Mock & Duncan, Oklahoma City, James W. Shepherd, Jr., Oklahoma City, of counsel, for defendant in error.

JOHNSON, Vice Chief Justice.

Plaintiffs, as parents and the sole and only heirs of Howard Gaines Howell, deceased, brought this action for the benefit of the heirs and next of kin of decedent to recover damages allegedly sustained by them as a result of the death of decedent, their unborn child, which they allege was caused by the negligence of defendant. The trial court sustained a demurrer to the petition on the ground that the petition failed to state a cause of action. Defendant concedes that the petition is good against a demurrer except for the ground that "there is no right of action for wrongful death in one whose decedent is a foetus", or infant en ventre sa mere.

The subject of wrongful death of a foetus, or infant en ventre sa mere, has not previously been considered by this Court, and our decision in this case will be one of first impression.

Title 12 O.S.1951, § 1053, provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, * * * if the former might have maintained an action had he lived, against the latter * * * for an injury for the same act or omission. * * * The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

■ There being no administrator, the action is brought by the next of kin, which is permissible if the action is otherwise maintainable. Mid-Continent Petroleum Co. v. Allen, 110 Okl. 101, 236 P. 426.

■ The plaintiffs rely upon this statute and the rule announced in Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634. The defendant relies on the rule as applied in Drabbels v. Skelly Oil Co., 1951, 155 Neb. 17, 50 N.W.2d 229. These cases sustain their respective contentions. We adhere to the rule applied in the Drabbels case, supra, for the reasons stated in that opinion.

Judgment affirmed.

HALLEY, C. J., and CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.