Cheshire,
No. 4691.

## WALTER BENNETT *v.* ALLEN W. HYMERS.

STANLEY BENNETT, *by his father and next friend v.* SAME.

Argued November 5, 1958.
Decided December 31, 1958.

*McLane, Carleton, Graf, Greene & Brown* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the plaintiffs.

*Bell & Bell* (*Mr. Ernest L. Bell III* orally), for the defendant.

LAMPRON, J.  I.  If Stanley was a viable fetus at the time of the accident he can recover for injuries inflicted on him by defendant's negligence.  We decided in *Poliquin* v. *MacDonald,* 101 N. H.

104, that the administratrix of a stillborn infant who was a viable fetus when the collision occurred could maintain on its behalf an action under RSA 556:7, 9-14 for injuries and resulting death suffered by it while *en ventre sa mere*. Such an action could not be maintained under our law (RSA 556:7) unless "a right of action existed in favor of . . . the deceased at the time of his death." *Pitman* v. *Merriman*, 80 N. H. 295, 296; *Burke* v. *Burnham*, 97 N. H. 203, 208. It follows therefrom that a viable child born alive has a cause of action for injuries suffered by it while a viable fetus *en ventre sa mere*. This is a confirmation of the view we expressed in the *Poliquin* case at page 107, viz.; "recovery should be allowed on behalf of a viable child born alive."

This holding is in line with a "definite and marked" (Prosser, Torts (2d *ed.*) *p.* 175) trend which has taken place in the law on this subject in recent years. *Williams* v. *Marion Rapid Transit, Inc.*, 152 Ohio 114; *Woods* v. *Lancet*, 303 N. Y. 349; *Damasiewicz* v. *Gorsuch*, 197 Md. 417; *Mallison* v. *Pomeroy*, 205 Ore. 690. See *Jasinsky* v. *Potts*, 153 Ohio St. 529; *Amann* v. *Faidy*, 415 Ill. 422; 39 Cornell L. Q. 542, 543; anno. 10 A. L. R. (2d) 1059 and 27 A. L. R. (2d) 1256.

II. We consider next whether Stanley if he was a non-viable fetus at the time of the accident can recover for injuries inflicted on him by defendant's negligence.

Plaintiffs contend that there is no basis for distinguishing the rights of a fetus non-viable at the time of injury later born alive from those of a fetus viable when injured. In support of this contention they point particularly to the cases of *Kelly* v. *Gregory*, 282 N. Y. App. Div. 542, and *Hornbuckle* v. *Plantation Pipe Line Company*, 212 Ga. 504, decided in 1953 and 1956 respectively.

In the *Kelly* case, the mother was in her third month of pregnancy when the accident on which plaintiff based his claim took place. The court said (*p.* 545) that "If the child born after an injury sustained at any period of his prenatal life can prove the effect on him of the tort . . . we hold he makes out a right to recover." Plaintiff's mother in the *Hornbuckle* case was in her sixth week of pregnancy when plaintiff was injured. That court held (*p.* 504) that "where a child is born after a tortious injury sustained at any period after conception, he has a cause of action."

The chief arguments, besides lack of precedent, against granting a cause of action to an infant born alive injured while a non-viable fetus is that at the time of injury it was a part of the mother;

that any causal relation between the prenatal injury and the condition of the child would rest on speculation and conjecture and the recognition of any cause of action in favor of the child would give rise to fictitious claims.

It is not our intention to engage in an abstruse and technical discussion of the exact moment when conception occurs and the life of a new being starts. However it seems to us that if an infant is born alive and survives bearing physical or mental injuries medically provable to have been incurred by it while *en ventre sa mere* it is being oblivious to reality to say that the mother alone was injured by the tortious act and not the child. This court in *Prescott* v. *Robinson,* 74 N. H. 460, 463, said that from "the time of the injury to the time of the birth the mother suffers no physical damage merely because the child's limbs are distorted or because its health is impaired . . . the child alone suffers damage on that account . . . the injuries suffered by each are distinct and independent." See *Steggall* v. *Morris,* 363 Mo. 1224, 1231.

We adopt the opinion that the fetus from the time of conception becomes a separate organism and remains so throughout its life. Also that the mother's biological contribution from conception on is to furnish nourishment and protection for it. And the fact "that the fetus may not live if its protection and nourishment are cut off earlier than the viable stage of its development is not to destroy its separability; it is rather to describe conditions under which life will not continue." *Kelly* v. *Gregory, supra;* 27 Am. Jur., Infants, *s.* 3, *p.* 747; Maloy, Legal Anatomy and Surgery, *p.* 668.

Applied to this case the question is should the plaintiff Stanley be permitted to recover for the permanent injuries allegedly inflicted on him by defendant's negligence if at the time of injury he could have lived without the nourishment and protection of his mother and be denied recovery because at the time of injury although a separate living human organism he was dependent on his mother for his continued existence.

Although they may not be exactly parallel situations we find it difficult to see the logic which would recognize a child's legal existence while *en ventre sa mere* with respect to property rights and rights of inheritance (4 Tiffany, Real Property (3d *ed.*) *s.* 1127, *p.* 391) and also in the field of criminal law (3 Burdick, Law of Crime, *s.* 858, *p.* 265-267; RSA 585:12, 13) and yet would deny it recognition so as to afford it protection against the torts of others.

We realize also that the problem of proving causal connection between the injury and the accident increases as injury occurs earlier in gestation. However difficulty of proof should not bar recovery for a wrong if the evidence meets the usual tests required in tort cases.

Assuming for the sake of argument that the recognition of such a cause of action would give rise to fictitious claims, that is a consideration which must be given its proper place and weight in appraising the problem as a whole. In weighing the factors for and against allowing recovery we are impressed with the injustice of denying to a child born alive a right to recover for injuries which he might bear for the remainder of his life because of the tortious conduct of another. "One cannot examine the cases in which a child, physically or mentally deformed for life as a result of prenatal injuries caused by the wrongful act of another, has been denied a right of recovery for such injuries, without being impressed by the harshness of such a result." Anno. 10 A. L. R. (2d) 1059, 1071.

We hold therefore that an infant born alive can maintain an action to recover for prenatal injuries inflicted upon it by the tort of another even if it had not reached the state of a viable fetus at the time of injury. We so decide because we see no logical reason for not extending the protection of the law of torts to it and are impressed by the harshness of the opposite result. We recognize that there may be difficulty in proving causation and that such a holding may give rise to fictitious claims. However this difficulty and this danger are not peculiar to this type of action and do not appear to be so much greater than in the case of many other matters of medical opinion on the causal sequence of events. Our holding, that if a child born alive after an injury sustained at any period of its prenatal life can prove the damage was caused by the tort it makes out a right to recover, is in accord with certain recent judicial opinions, modern medical science and the view of many writers on the law of torts. *Kelly* v. *Gregory, supra; Hornbuckle* v. *Plantation Pipe Line Co., supra;* Maloy, Legal Anatomy and Surgery, *supra.* See Prosser, Torts, 175; 2 Harper and James, Law of Torts, s. 18.3, p. 1028-1031; 19 NACCA L. J. 230-239; 63 Harv. L. Rev. 173; 31 N. Y. U. L. Rev. 359; 48 Mich. L. Rev. 539; 39 Cornell L. Q. 542.

It has long been recognized in this jurisdiction that a parent is entitled to recover for nursing and care of his child and for

medicines and medical attendance when the child is injured by the fault of another. *Whitaker* v. *Warren*, 60 N. H. 20, 26. This action is for consequential damages resulting from the injury to the child. *Courage* v. *Carleton*, 96 N. H. 348, 350. In this case if Stanley proves that he has a cause of action under either of the counts in his declaration his father may maintain his action for consequential damages. *Cf. Levesque* v. *Levesque*, 99 N. H. 147, 149.

*Remanded.*

KENISON, C. J., concurred in part I of the opinion but dissented as to part II of the opinion; the others concurred.