Russell M. Daley, as Guardian of the Estate of Russell Michael Daley, Jr., Appellant, v. Christel Meier, Appellee.

Gen. No. 48,442.

First District, First Division.

November 27, 1961.

Askow, Stevens and Hardy, of Chicago (Irwin J. Askow, Richard James Stevens and Howell B. Hardy, of counsel), for appellant.

Vogel & Vogel, of Chicago (L. H. Vogel, John D. Dempsey, and Dominic Rizzi, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an action for prenatal injuries allegedly sustained by a minor child while in the womb of his mother, when she was approximately one month pregnant. The trial court sustained defendant's motion to strike the amended complaint and dismissed the suit. Plaintiff appeals.

The amended complaint alleges that on September 14, 1958, the child, Russell Michael Daley, Jr., while in the womb of his mother, was injured in an automobile collision, caused by defendant's negligence, and that he was born on May 16, 1959, with resulting subnormal mental faculties, has not developed normally, and will require medical care and special medical appliances throughout his life.

The defendant's motion to dismiss the amended complaint was based on the ground that, at the time of the alleged occurrence, plaintiff was not a viable fetus, capable of extra-uterine survival, and therefore had no identity apart from his mother.

In 1953, our Supreme Court in Amann v. Faidy, 415 Ill 422, 114 NE2d 412, held that an administratrix of the estate of a child, who suffered prenatal injuries when a viable fetus, had a right of action for wrongful death against the defendant whose negligence caused the injuries which resulted in the death

of the child after he was born alive. In the same year, in Rodriquez v. Patti, 415 Ill 496, 114 NE2d 721, the Supreme Court, in a action by a child, born alive, for injuries inflicted upon him "while he was an infant en ventre sa mere," stated, "Our holding in Amann v. Faidy is decisive of the legal issues presented in this case," and reversed the trial court's dismissal of the action. Our attention has not been called to any subsequent Illinois decisions on that subject.

Defendant contends that the reasoning and decision in Amann v. Faidy limits the right of action for prenatal injuries to children, born alive, who, at the time of the injury, were alive and capable of being delivered and of remaining alive separate from their mothers.

Therefore, the sole question is whether a child, who was born alive and survives, can maintain an action to recover for prenatal injuries resulting from the negligence of another, even though the child had not reached the state of a viable fetus at the time of the injury.

Since 1953, there have been a number of cases in other states which have considered at length the basis for distinguishing the rights of an embryo or fetus, nonviable at the time of the injury and later born alive, from those of a fetus viable when injured. In support of the contention that the viable distinction has no justification, plaintiff relies on Kelly v. Gregory (1953), 282 App Div 542, 125 NYS2d 696; Hornbuckle v. Plantation Pipe Line Co. (1956), 212 Ga 504, 93 SE2d 727; Bennett v. Hymers (1958), 101 NH 483, 147 A2d 108; Smith v. Brennan (1960), 31 NJ 353, 157 A2d 497; Sinkler v. Kneale (1960), 401 Penn 267, 164 A2d 93.

In New York, in 1953, the Appellate Division of the Supreme Court held (Kelly v. Gregory, 282 App Div 542, 125 NYS2d 696) that the legal entity of a child

begins at conception and a child, born alive, may recover for prenatal injury tortiously inflicted at any time at or after conception, regardless of whether the fetus was viable at time of injury. At page 698, the court says:

"If the child born after an injury sustained at any period of his prenatal life can prove the effect on him of the tort, as for the purpose of this appeal and on the face of the complaint before us we must assume plaintiff will be able to do, we hold he makes out a right to recover."

In Georgia, in 1956, the Supreme Court held that a child, born after receiving tortious injury at any period after conception, had a cause of action for such injuries, regardless of whether they were sustained while he was an embryo or fetus. (Hornbuckle v. Plantation Pipe Line Co., 212 Ga 504, 93 SE2d 727.) On page 728, the court said:

"At what particular moment after conception, or at what particular period of the prenatal existence of the child the injury was inflicted is not controlling. . . . 'A child is to be considered as in being, from the time of its conception, where it will be for the benefit of such child to be so considered.' . . . If a child born after an injury sustained at any period of its prenatal life can prove the effect on it of a tort, it would have a right to recover."

In New Hampshire, in 1958, the Supreme Court held:

"We hold therefore that an infant born alive can maintain an action to recover for prenatal injuries inflicted upon it by the tort of another even if it had not reached the state of a viable fetus at the time of injury. We so decide because we see no logical reason for not extending the protection of the law of torts to it and are impressed by the harshness of the opposite result. We recognize that there may be diffi-

221

culty in proving causation and that such a holding may give rise to fictitious claims. However this difficulty and this danger are not peculiar to this type of action and do not appear to be so much greater than in the case of many other matters of medical opinion on the causal sequence of events. Our holding, that if a child born alive after an injury sustained at any period of its prenatal life can prove the damage was caused by the tort it makes out a right to recover, is in accord with certain recent judicial opinions, modern medical science and the view of many writers on the law of torts." (Bennett v. Hymers, 101 NH 483, 147 A2d 108, 110.)

In New Jersey, in 1960, the Supreme Court held that the viability distinction has no real justification and has no place in the determination of the question of liability for wrongful conduct. (Smith v. Brennan, 31 NJ 353, 157 A2d 497.) At page 502, the court said:

"Medical authorities have long recognized that a child is in existence from the moment of conception, and not merely a part of its mother's body."

On page 504:

"We see no reason for denying recovery for a prenatal injury because it occurred before the infant was capable of separate existence. In the first place, age is not the sole measure of viability, and there is no real way of determining in a borderline case whether or not a fetus was viable at the time of the injury, unless it was immediately born. Therefore, the viability rule is impossible of practical application. . . . Whether viable or not at the time of the injury, the child sustains the same harm after birth, and therefore should be given the same opportunity for redress. . . . Our position accords with the recent decisions of a number of courts. . . . It also has the support of the leading text writers."

In Pennsylvania, in 1960, the Supreme Court upheld an action on behalf of a child, allegedly born Mongoloid as a result of injuries received in an automobile collision, when the mother was one month pregnant with the child. (Sinkler v. Kneale, 401 Penn 267, 164 A2d 93.) The opinion contains a very extensive review of current decisions and medical authority on the question of the viability distinction, and on page 96 says:

"As for the notion that the child must have been viable when the injuries were received, which has claimed the attention of several of the states, we regard it as having little to do with the basic right to recover, when the foetus is regarded as having existence as a separate creature from the moment of conception."

██ We agree with the contention of defendant that "It is our duty to recognize and follow the decisions of the Supreme Court." (Quitman v. Chicago Transit Authority, 348 Ill App 481, 483, 109 NE2d 373 (1952); Feldman v. City of Chicago, 276 Ill App 142, 143 (1934); Pfeffer v. Farmers State Bank, 263 Ill App 360 (1931).) However, we believe this rule does not prevent our following the reasoning of the Supreme Court on a question and extending it to facts not previously presented to the Supreme Court for decision.

Although the opinion in Amann v. Faidy does stress viability, we believe it should be considered in the light of its over-all reasoning and tenor. On page 428, the court says: "(4) Lack of precedent should not bar recovery where a wrong has been committed." And on page 430: "The argument based upon the difficulty of proof of a causal relation between the injury en ventre sa mere and the damage which subsequently becomes apparent has likewise been rejected."

And on page 432: "Upon a reappraisal of the question, we conclude that the reasons which have been advanced in support of the doctrine of nonliability fail to carry conviction."

■ Therefore, it is our conclusion that an infant, who was born alive and survives, can maintain an action to recover for prenatal injuries, medically provable as resulting from the negligence of another, even if it had not reached the state of a viable fetus at the time of the injury.

The judgment is reversed and the cause remanded with directions to overrule defendant's motion to strike the amended complaint.

Reversed and remanded with directions.

BURMAN and ENGLISH, JJ., concur.