**Grace MACE, Special Administratrix of the Estate of Baby Mace, deceased, Plaintiff,**

**v.**

**Morris C. JUNG, Defendant.**

Civ. No. A-67-62.

United States District Court
D. Alaska,
at Anchorage.
Nov. 30, 1962.

James K. Tallman (of Bell, Sanders & Tallman), Anchorage, Alaska, for plaintiff.

Daniel A. Moore, Jr. (of Plummer, Delaney & Wiles), Anchorage, Alaska, for defendant.

HODGE, Chief Judge.

Plaintiff brings this action as Special Administratrix of the Estate of Baby Mace, deceased, for the wrongful death of such child as the result of defendant's alleged negligence in an automobile collision between the defendant's automobile and one operated by the plaintiff, on February 16, 1961. The complaint alleges that at such time and place plaintiff was pregnant with such child "due to be born in approximately four months" and that the child died as the result of the collision. The action is predicated upon the Alaska Wrongful Death Act, providing that when the death of a person is caused by the wrongful act of another, the personal representative of the former may maintain an action against the latter "if the former might have maintained an action, had he lived". Sec. 61-7-3 A.C.L.A.1949 as amended by Chapter 163 S.L.A.1960. The case was originally brought in the Superior Court of the State of Alaska and was removed to this court by reason of diversity of citizenship (28 U.S.C.A. § 1332).

The defendant has moved for summary judgment, supported by the uncontroverted affidavit of Dr. Rudy J. Leong, who attended plaintiff at the time of delivery of the unborn child the day following the accident, stating that she had suffered a spontaneous abortion of a "non-viable 4 to 4½ months' fetus" which had succumbed within one or two days before delivery.

The principal issue to be determined is whether or not, under such circumstances, a cause of action exists for recovery for the death of such un-

born child. State law should govern, but there is no reported decision of the Alaska courts on this question. It is agreed that until about 1946 the rule prevailing in the United States, followed by both state and federal courts, was that recovery could not be had for the wrongful death of an unborn child, since the child was not a "person" within the meaning of the wrongful death statutes, following the early decision of Dietrich v. Northampton (1884), 138 Mass. 14, 52 Am.Rep. 242. However, in recent years there has been a considerable trend in judicial decisions allowing such action in some states, under similar wrongful death statutes, (although others hold to the contrary) in the following situations:

(1) Where the child was viable at the time of the act complained of but was delivered dead. Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634; Wendt v. Lillo (Iowa 1960), 182 F. Supp. 56; Hale v. Manion, 189 Kan. 143, 368 P.2d 1.

(2) Where the child was viable, was delivered alive and died as a result of the injuries. Amann v. Faidy, 415 Ill. 422, 114 N.E.2d 412; Keyes v. Construction Service, Inc., 340 Mass. 633, 165 N.E.2d 912.

The term "viable" is determined to mean capable of living independently of the mother.

■ Plaintiff urges that we should follow the "modern trend" and allow recovery where a nonviable unborn child was delivered dead, but no case has been cited to the court and none has been found allowing recovery in such instance. The only cases found directly passing upon this issue are West v. McCoy, 233 S.C. 369, 105 S.E.2d 88, and Keyes v. Construction Service, Inc., supra. In West v. McCoy the Supreme Court of South Carolina held that an action would not lie for wrongful death of an unborn baby as a result of injury to a five and a half months pregnant mother. The court discusses the comparatively recent decisions supporting the view that an unborn child, viable and capable of existing independently of its mother, may, after birth, maintain an action for such injuries, but holds that:

"In instant case, we are not concerned with death after birth, neither does it appear that the child was viable at the time of injury or delivery * * *. The policy considerations which call for a right of action when a child survives do not necessarily apply in the absence of survival."

In the Keyes case the court, in allowing recovery, makes this comment:

"If the child was stillborn the plaintiff would have no right of action."

Considerable discussion is devoted in the briefs to the analogous situation of an action to recover on behalf of a living child damages for prenatal injuries occasioned by the negligence of another, upon which point there are a large number of decisions of the state courts. The more recent decisions, indicative of the "more liberal and realistic approach to the problem" urged by plaintiff, support the view that a viable unborn child may, after birth, maintain an action for such injuries. West v. McCoy, supra; Wendt v. Lillo, supra; Williams v. Marion Rapid Transit, 152 Ohio St. 114, 87 N.E. 2d 334, 10 A.L.R.2d 1051; Woods v. Lancet, 303 N.Y. 349, 102 N.E.2d 691, 27 A.L.R.2d 1250; Anno. 27 A.L.R.2d 1256; Shousha v. Matthews Driveurself Service, Inc., (Tenn., 1962) 358 S.W.2d 471; Hall v. Murphy, 236 S.C. 257, 113 S.E.2d 790;[1] Seattle-First National Bank v. Rankin, (Wash., 1962) 367 P.2d 835.

The Supreme Courts of New Jersey, Pennsylvania, Illinois and New Hamp-

---

1. This case further holds that in such case, having concluded that had the child lived she could have maintained an action for prenatal injury caused by defendant's negligence, "it follows" that an action for wrongful death could be brought by her administrator.

-shire have gone one step further and have held that an action may be maintained on behalf of a child for prenatal injuries even though the infant had not reached the state of viability at the time of the injury. Smith v. Brennan, 31 N.J. 353, 157 A.2d 497; Sinkler v. Kneale, 401 Pa. 267, 164 A.2d 93; Daley v. Meier, 33 Ill.App.2d 218, 178 N.E.2d 691; Bennett v. Hymers, 101 N.H. 483, 147 A.2d 108. However, the reasoning of these decisions is that in such cases there is no real way of determining whether or not a fetus was viable at the time of the injury unless it was immediately born, and therefore the viability rule is impossible of practical application; and that a surviving child should have a right of action for prenatal injuries, even though not viable at the time of the injury, for the reason that it would be unjust or too harsh to deny it. This situation is clearly distinguishable from an action for wrongful death where the child does not survive the injury.

In this case, there being no question but that the child was not viable and capable of separate existence at the time of the injury complained of, no cause of action exists against defendant and the motion for summary judgment must be granted.

Defendant also raises a further point in that it appears that the plaintiff Grace Mace had prosecuted an action in her own behalf against the defendant for personal injuries sustained by her in the same accident and that defendant was held not liable for her injuries by reason of negligence. This point was not urged at the time of oral argument by reason of the decision of the Supreme Court in Troxell v. Delaware & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586, which appears to be authority for the proposition that the previous judgment is not res judicata since the parties are not the same. In view of the finding that no cause of action exists, it becomes unnecessary to decide this issue.

Judgment dismissing the action may be presented by counsel for defendant.