Marvell **PADILLOW** and Fayrene Padillow, husband and wife, Plaintiffs in Error,

v.

Bill B. **ELROD** and Robert W. Dean, Defendants in Error.

No. 40786.

Supreme Court of Oklahoma.

Jan. 24, 1967.

O. W. Hopper and Frank R. Hickman, Tulsa, for plaintiffs in error.

Looney, Watts, Looney, Nichols & Johnson, C. J. Watts and John B. Hayes, Oklahoma City, for defendants in error.

## PER CURIAM.

The parties will be referred to as they appeared in the trial court.

Plaintiffs, the parents of a child born dead, commenced this action for the wrongful death of such child against the defendants who are physicians. Defendants' separate demurrers to the petition were sustained by the trial court and the cause was dismissed and plaintiffs have appealed.

## PLEADINGS

Since this is an appeal from an order sustaining the separate demurrers of defendants to plaintiffs' petition and dismissing the action; and since the petition must be liberally construed and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom (see Bowman v. Oklahoma Natural Gas Co., Okl., 385 P.2d 440); and since there is no contention that the petition does not state a cause of action, if the cause of action can be maintained, it is sufficient to state that the plaintiffs' allegations were sufficient to present the issue hereinafter set forth.

## ISSUE

The fundamental issue presented is:

"Does a cause of action for wrongful death of a child born dead (a stillborn, viable fetus) accrue under the Oklahoma wrongful death statute (Title 12 O.S.1961, Sec. 1053) against another who carelessly and negligently caused the child to be born dead?"

## CONCLUSIONS

The only time this Court has considered the above issue was in Howell v. Rushing, Okl., 261 P.2d 217, which was relied upon by the trial court when it sustained the demurrers of the defendants to plaintiffs' petition. In the Howell case we held:

"A child born dead cannot maintain an action at common law for injuries received by it before its birth.

"Since no cause of action accrues to a child born dead for prenatal injuries, none survives to the personal representative or next of kin under the wrongful death statute."

In determining the Howell case we specifically refused to follow Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838, 10 A.L.R.2d 634, which held that the special administrator of the estate of a viable infant whose death before birth resulted from the negligence of a physician may maintain an action under the wrongful death statute for the death of the infant; and followed Drabbels v. Skelly Oil Co., 155 Neb. 17, 50 N.W.2d 229, which held that since no cause of action accrues to a child born dead for prenatal injuries, none survives to the personal representatives under the wrongful death statute.

Plaintiffs admit that Howell sustains the judgment of the trial court but contends that this Court should modify and reverse such decision based upon Herndon v. St. Louis and S. F. Ry. Co., 37 Okl. 256, 128

P. 727; and Title 21 O.S.1961, Sec. 714; and Title 15 O.S.1961, Secs. 13 and 15.

■ We will first consider the applicability of the Herndon case relied upon by plaintiffs which held that a child, unborn at the time of its father's death but later born alive, is to be considered as an existing person at the time of its father's death and is a beneficiary and entitled to participate in any damages recovered in an action brought under the statute for wrongfully causing the death of the father. Sec. 5032 of the Compiled Laws of 1909, (being Title 15 O.S.1961, Sec. 15, relied upon by plaintiffs) was considered in that case. Such enactment provides that a child conceived, but not born, is to be deemed an existing person so far as may be necessary for its interest in the event of its subsequent birth. This provision and Title 15 O.S.1961, Sec. 13, cited by plaintiffs, contemplate the subsequent live birth of a child and neither are applicable when the child is born dead. Whether such enactments would be pertinent if the child in the instant action had been born alive, instead of dead, is not an issue in this cause and is not considered or determined.

■ Title 21 O.S.1961, Sec. 714, relied upon by plaintiffs is a criminal statute relating to abortions and the same is not controlling in the instant action. We are herein concerned with the law of torts which relates to the rights of private parties and not the criminal law which rests upon grounds of public policy and affects the public.

We will now direct our attention to the Howell case which plaintiffs contend should be reversed.

■ This Court recognizes that since the promulgation of Drabbels in 1951 by the Supreme Court of Nebraska, which was relied upon in Howell, several states have reconsidered their cases cited therein. In this connection see Keyes v. Construction Service, Inc., 340 Mass. 633, 165 N.E.2d 912, promulgated by the Supreme Judicial Council of Massachusetts in 1960; Amann v. Faidy, 415 Ill. 422, 114 N.E.2d 412, promulgated by the Supreme Court of Illinois in 1953; Smith v. Brennan, 31 N.J. 353, 157 A.2d 497, promulgated by the Supreme Court of New Jersey in 1960; Woods v. Lancet, 303 N.Y. 349, 102 N.E.2d 691, 27 A.L.R.2d 1250, promulgated by the New York Court of Appeals in 1951; Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577, promulgated by the Supreme Court of Missouri; La Blue v. Specker, 358 Mich. 558, 100 N.W.2d 445, promulgated by the Supreme Court of Michigan in 1960; and Puhl v. Milwaukee Automobile Ins. Co., 8 Wis.2d 343, 99 N.W.2d 163. See also Stidam v. Ashmore, 109 Ohio App. 431, 167 N.E.2d 106; Hale v. Manion, 189 Kan. 143, 368 P.2d 1; Todd v. Sandidge Construction Co., (4 Cir. 1964) 341 F.2d 75; Fowler v. Woodward, 244 S.C. 608, 138 S.E.2d 42; Seattle-First National Bank v. Rankin, 59 Wash.2d 288, 367 P.2d 835; and State, Use of Odham v. Sherman, 234 Md. 179, 198 A.2d 71.

Most of the above cases involved an issue not presented in the instant proceeding; i. e., they involved cases where the child had been *born alive* and subsequently died as a result of prenatal injuries. The sole issue presented here involves a child born dead who allegedly sustained prenatal injuries, and the weight of authority is that no cause of action accrues under the wrongful death statutes for such injuries and resulting death. See 10 A.L.R.2d 1039; 27 A.L.R.2d 1256; and Volume 3, A.L.R.2d Later Case Service, page 1002. Although the Supreme Court of Kansas in Hale v. Manion, (1962), 189 Kan. 143, 368 P.2d 1, held that under its wrongful death statute (G.S.1959 Supp. 60–3203) an action may be maintained for the wrongful death of a viable unborn child resulting from the negligent acts of another; since this Court construed our wrongful death statute in 1953 in Howell v. Rushing, supra, which presented the identical issue presented here, the Legislature has not seen fit to amend such statute.

We adhere to the rule announced in Howell v. Rushing, supra, and refuse to overrule the same.

Judgment affirmed.

All the Justices concur.

The Court acknowledges the services of DUARD C. WILLOUGHBY, who with the aid and counsel of HOBART G. ORTON and ALBERT W. TRICE, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to VICE CHIEF JUSTICE IRWIN, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.