**Hayward SIMMONS et al., Plaintiffs,**

v.

**HOWARD UNIVERSITY et al., Defendants.**

**Civ. A. No. 2859–68.**

United States District Court, District of Columbia.

Jan. 22, 1971.

John V. Long, Jackson, Gray & Laskey, Washington, D. C., for plaintiffs.

Diane M. Sullivan, Washington, D. C., for defendants.

## MEMORANDUM

GESELL, District Judge.

The question has been presented at pretrial whether plaintiff may recover under the Wrongful Death Statute, 16 D.C.Code § 2701, for the death of his unborn child, assuming that the facts developed at trial establish fault on the part of defendants. The Court rules that such recovery will be permitted.

■■ This is not a case where injury to the mother during pregnancy resulted in a miscarriage or stillbirth. The mother died in childbirth at full term, and the conduct alleged to be negligent with respect to the child is precisely the failure to deliver it alive. The increasing weight of authority supports the proposition that a viable unborn child, which would have been born alive but for the negligence of defendant, is a "person" within the meaning of the wrongful death statutes. *See* Todd v. Sandidge Construction Co., 341 F.2d 75 (4th Cir. 1964); Verkennes v. Corniea, 229 Minn. 365, 38 N.W.2d 838 (1949); and other cases cited in footnote 3 to plaintiff's Memorandum.