Andrew N. JORGENSEN, as Special Administrator of the Estate of Kimberly D. Jorgensen, Deceased, and Pamela B. Jorgensen, By and Through her Father and Next Friend, Andrew N. Jorgensen, Plaintiffs,

v.

MEADE JOHNSON LABORATORIES, INC., a Corporation, dba Oracon, Defendant.

Civ. No. 71–689.

United States District Court, W. D. Oklahoma.

Feb. 1, 1972.

Don Manners, of Manners, Merz & Grennan, Oklahoma City, Okl., for plaintiffs.

Alex Cheek, of Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

This is a product liability case. The action is predicated on (1) alleged breach of express and implied warranties attendant the use of birth control pills and (2) alleged negligence of the defendant manufacturer in failing to warn of dangers in the use of its product. Motion to dismiss was overruled by Order dated December 23, 1971. The matter now before the Court for disposition is a motion to reconsider.

The complaint alleges that Andrew N. Jorgensen and Alta J. Jorgensen are husband and wife and parents of the plaintiffs. It alleges that prior to October 1966, the wife had used Oracon birth control pills, manufactured by defendant, but had discontinued their use and that on or about November 1, 1966, she became pregnant and on July 17,

1967, gave birth to Mongoloid Twins— Kimberly D. Jorgensen, now deceased, and Pamela J. Jorgensen, plaintiffs herein.

The complaint further alleges that the Oracon birth control pills used by Alta J. Jorgensen altered the chromosome structure of her body to produce the Mongoloid deformity in her issue. Count I of the complaint is brought by Pamela B. Jorgensen, by and through her father and next of kin, Andrew N. Jorgensen, and prays for judgment in the amount of $3,000,000.00, and Count II is brought by Kimberly D. Jorgensen, by his father, Andrew N. Jorgensen, as special administrator of his estate and prays for judgment in the amount of $3,000,000.00.

The defendant moved to dismiss alleging that the complaint fails to state a cause of action in favor of said minor plaintiffs. The motion was overruled by Order dated December 23, 1971. The defendant has moved for reconsideration.

■ This is a diversity action and the applicable substantive law is that of the State of Oklahoma. 28 U.S.C.A. § 1332. The plaintiff cites no statutory or decisional law of Oklahoma which allows a child to recover for his malformation caused by injury to the ovum of his mother prior to his conception. We find no holding by any court that a child may recover for injury to the sperm of its male parent or the ovum of its female parent before the two unite in conception. One authority states unqualifiedly that there is none such. 9 Am.Jur., Proof of Facts 523–24.

The plaintiff relies on Zepeda v. Zepeda, (1963) 41 Ill.App.2d 240, 190 N.E.2d 849. *Zepeda*, supra, is to be distinguished. It was not a product liability case. The holding was by an intermediate appellate court. The language therefrom on which plaintiff relies was dictum. The case is not controlling of the case at hand.

Although not directly in point because the case was disposed of on a limitation of action issue, Morgan v. United States, (D.C.N.J.1956) 143 F.Supp. 580, is persuasive here. There one William Morgan, an infant, by his guardian ad litem, sought to recover for injuries allegedly resulting from the defendant's negligently transfusing into his mother's bloodstream, 15 months prior to his birth, blood of an improper type. In sustaining motion for dismissal, the Court said:

When the tortious conduct occurred William Morgan had not yet been conceived . . . No cause of action accrued in favor of William Morgan (under the laws of Pennsylvania.)

The holdings in Howell v. Rushing, (Okl.1953) 261 P.2d 217 and Padillow v. Elrod, (Okl.1967) 424 P.2d 16 are inapplicable. In these cases the action was predicated on the Oklahoma wrongful death statute. In *Howell*, supra, the Supreme Court of Oklahoma held that a cause of action for the wrongful death of a child born dead does not accrue under the Oklahoma wrongful death statute against another who carelessly and negligently caused the child to be born dead.

In *Padillow*, supra, counsel for appellant argued that *Howell*, supra, decided 14 years previously, had not been correctly decided and should be overruled. In declining to do so the Court significantly said that "since this Court construed our wrongful death statute in 1953 in Howell v. Rushing, supra, which presented the identical issue presented here, *the Legislature has not seen fit to amend such statute.*" [Emphasis added].

■ It is general knowledge that birth control pills have been merchandised for several years. Likewise it is general knowledge that articles by medical authorities respecting dangers incident to such use have appeared in the medical publications. Any right of a child arising out of injury to the chromosome of its mother through the use of such pills prior to its conception should be created by the Legislature and not by

judicial decision. The Court concurs in the views expressed by Mr. Justice O'Brien in Walker v. Railway Company, (1891) 28 L.R., Ir. 69, when he observed that:

> The law is, in some respects, a stream, that gathers accretion, with time, from new relations and conditions. But it is also a landmark that forbids advance on defined rights and engagements; and, if these are to be altered —if new rights and engagements are to be created—that is the province of legislation and not decision.

For the reasons aforestated the Court finds that the Motion To Reconsider should be sustained and that the Motion To Dismiss should be sustained.